(80 N. W. Rep. 770.)

---

E. I. DONOVAN *vs.* ST. ANTHONY & DAKOTA ELEVATOR COMPANY.

Opinion filed October 25, 1899.

**Chattel Mortgages—Execution—Mortgagee as Witness.**

A mortgagee is disqualified from being one of the two witnesses to a chattel mortgage required by section 4738, Rev. Codes, by reason of being an immediate party to the instrument.

**Filing—Effect as Notice.**

The filing of a chattel mortgage which is witnessed only by the mortgagee and one other person does not operate to give constructive notice of its existence.

Appeal from District Court, Cavalier County; *Sauter,* J.

Action by E. I. Donovan against the St. Anthony & Dakota Ele-

vator Company. Verdict for defendant, and from an order granting plaintiff a new trial defendant appeals.

Reversed.

*Cochrane & Corliss,* for appellant.

*J. C. Monnet,* for respondent.

YOUNG, J. But one question is presented by this appeal, and that is whether a mortgagee in a chattel mortgage is qualified to act as an attesting and subscribing witness to its execution. Briefly, the preliminary facts are these: Plaintiff has a chattel mortgage covering a quantity of wheat which was purchased and received by the defendant from plaintiff's mortgagor, and admittedly without actual notice of plaintiff's mortgage thereon. The mortgage is properly signed by the mortgagor. To the left of his signature is the attestation, first, the words, "Signed, sealed, and delivered in the presence of," and just underneath them the signatures of the two witnesses, E. I. Donovan and Charles C. Keenan. Donovan is the mortgagee, and is so named in the instrument. The mortgage was filed in the proper office. Plaintiff sues for the alleged conversion of the grain. At the trial in the District Court a verdict was directed for the defendant upon the ground that the mortgage was not witnessed as required by law, and that the filing thereof did not, therefore, impart constructive notice of its existence. Later a new trial was granted, upon plaintiff's motion. This appeal is from the order granting a new trial.

It is apparent that in reversing his former conclusion the District Judge was controlled by the recent case of *Fisher* v. *Porter* (S. D.) 77 N. W. Rep. 112, in which that court, in passing upon this identical question, and under statutes which are the same as those in force in this jurisdiction, held squarely that it is competent for a mortgagee to witness his own mortgage. Section 4384, Comp. Laws, is the same in language as section 4738, Rev. Codes, and reads as follows: "A mortgage of personal property must be signed by the mortgagor in the presence of two persons, who must sign the same as witnesses thereto, and no further proof or acknowledgment is required to admit it to be filed." After quoting this section, the South Dakota Court said: "Manifestly, the foregoing provision should be construed with reference to the law of the state relating generally to the competency of witnesses, and unless some limitation can be found as to the character of the persons in the presence of whom the mortgagor must sign his name, and by whom a chattel mortgage must be witnessed, we would not be justified in holding that a mortgagee, on account of his interest, is not a person, in contemplation of the statute, authorized to become a subscribing witness. Under a statute like ours, requiring, without any restriction, that a chattel mortgage, in order to be filed, must be witnessed by two persons, and providing that no person offered as a witness can be excluded or excused from testifying on account of his interest in the event of the action or proceeding, we perceive no

valid reason for holding a mortgagee disqualified as an attesting or subscribing witness. Comp. Laws, § 5260. It seems entirely consistent with the legislative aim to hold that a person who would be a competent witness in an action involving the subject-matter of a deed or mortgage has the legal capacity to become a subscribing witness thereto ;and, under statutes measurably less compatible with the doctrine than our own, it has been so held. *Johnson* v. *Turner*, 7 Ohio, 216; *Welsh* v. *Lewis*, 71 Ga. 387; 2 Jones, Real Prop. 1099; Webb, Record Titles, 127." This decision evidently stands alone in announcing such a conclusion, for neither the exhaustive research of counsel nor our examination of the authorities has discovered a single case making a similar holding as to the competency of a mortgagee to attest the execution of his own mortgage. Further, the decision is not supported by the two cases upon which it purports to be based. In neither case was the question of competency of the immediate parties to the instrument to act as attesting witness involved. In *Welsh* v. *Lewis*, 71 Ga. 387, the holding was merely that it was not illegal for a brother-in-law of the mortgagee to witness the mortgage. In *Johnson* v. *Turner*, 7 Ohio, 216, pt. 2, it was objected that one of the subscribing witnesses to a certain trust deed to a banking corporation was disqualified as an attesting witness by reason of being a stock-holder. Because of that interest, he was excluded from testifying as a witness as to such deed under the law then prevailing in that state. Nevertheless the court held him competent to attest the deed, utterly repudiating the doctrine that the test is competency to testify in court; using this language: "The statute (volume 31, p. 346, § 1) requires the deed to be executed 'in the presence of two witnesses, who shall attest such signing and sealing and subscribe their names to such attestation.' Unless the express provisions of this statute, or its plain inference, lead to the conclusion that the witnesses to a deed must be credible and competent to prove its execution at the time of their attestation, and that such was the intention of the legislature, reluctantly indeed would this Court adopt such an opinion. If such be the law, it is time to look around us and ascertain by whom our deeds bear witness. Who ever instituted an inquiry, when a witness was called to attest a deed, whether he was competent or incompetent to testify in a court of justice; whether persons might not subsequently be found who would impeach him for the want of character for truth; whether conviction for crime, or the want of a correct opinion of the providences of God, according to the notions of others, might not exclude him from giving evidence? Precarious indeed are our titles, if such is the principle to be established. * * * The plaintiff's counsel have very properly said the statute is silent as to the qualities of the witnesses. It neither requires them to be competent to testify, white, credible, disinterested, of proper religious belief, nor innocent of crime, but leaves the grantor at liberty to select such persons as he sees proper." The case of *Smith* v. *Chamberlain*, 2 N. H.

440, cited by the Ohio Court, fully sustains their views. Not only are the Georgia and Ohio cases not in point, but the Supreme Court of Ohio decided very recently, in the case of *Amick* v. *Woodworth*, 50 N. E. Rep. 437, directly to the contrary from the holding of the South Dakota Court,—holding that a mortgagee was not qualified to attest his own mortgage. The Court in that case said: "The true reason of the disqualification, we apprehend, is that, to permit a grantee to attest as a witness the execution of an instrument made to himself, or take its acknowledgment as an officer, where its attestation and acknowledgment are necessary to give it validity, would be against public policy, and practically defeat the real purpose of the law, which is to prevent the perpetration of frauds on grantors, and afford reasonable assurance to those who deal with or on the faith of such instruments that they are genuine and represent bona fide transactions;" adding that "it is probably unnecessary to notice that this question was not involved in *Johnson* v. *Turner*, 7 Ohio, 216, and that case is unaffected." That a mortgage cannot be attested by the mortgagee was also decided by the Supreme Court of Alabama in *Selbold* v. *Rogers*, 18 South. Rep. 312,—a chattel mortgage case. See, also, *Coleman* v. *State*, 79 Ala. 49.

There is a line of authorities, however, and we think the majority of cases hold, that persons who are not competent to testify in court are not qualified to act as attesting witnesses. Recent legislation has made it possible for all persons interested in the execution of deeds or mortgages to testify concerning them, including the parties to the instruments. Therefore all persons can attest their execution. Such is the reasoning of the South Dakota Court. But this conclusion, in our judgment, is too sweeping, in including the parties to the instruments attested; for their disqualification to attest does not, and never did, depend upon their competency or incompetency to testify in court relative to the instruments, but exists in the very nature of things,—in the inherent impossibility of the immediate parties to a written contract to assume the attitude of strangers and spectators to its execution, which, we take it, is necessary in attesting witnesses. We might, then, following one line of cases, ask: "Were the subscribing witnesses competent to testify in court?" But, before the answer would be decisive, it must also appear that such persons were not incapacitated by being the immediate parties to the instrument to be attested. In *Smith* v. *Chamberlain*, 2 N. H. 440, that Court, in discussing a statutory provision requiring a deed to be attested by two witnesses, said: "We have been much at a loss to conjecture why two witnesses were in this instance required by statute. Surely they were not intended to be placed round a grantor for the same reason they are placed round a testator. The most plausible conjecture is that it was intended to render the proof of the instrument more certain. If this were the object, there is good reason to suppose that the word 'witnesses' was in this instance used in the simple sense of spectators of the transaction." The act required of witnesses to chattel mort-

gages by our statute is merely the attestation common in most of the states as means of proving instruments for record, or as component acts in their execution necessary to give them validity as the particular statute provides. It is "to signify by subscription of his name that the signer has witnessed the execution of the particular instrument." 3 Am. & Eng. Enc. L. (2d Ed.) 274. In *Seal* v. *Claridge,* 7 Q. B. Div. 516, Lord Selbourne, in answer to an inquiry as to the meaning of the word "attestation," said: ."The word implies the presence of some person who stands by, but is not a party to the transaction," and elsewhere in the same case used this language: "I was at first surprised that no authority could be found directly in point, but, no doubt, the common sense of mankind has always rejected the notion that a party to a deed could also test it." The South Dakota case makes cometency to testify in court the sole test of capacity to attest. If we should accept this interpretation, and apply it to the case at bar, our holding would be that a mortgage whose execution is attested by the mortgagee and one outsider is properly attested, under the statute. This nullifies the statute, and amounts to a declaration that no outside witnesses are required. For instance, a mortgage is given by two persons to a third. The mortgagee may attest, and the mortgagors, one for the other. Then a person may give one mortgage to two persons. These two may furnish the attestation. In both cases the statute is complied with, as construed by the South Dakota case. We cannot adopt either this reasoning or conclusion. The legislature had a purpose in requiring two attesting witnesses to chattel mortgages as a prerequisite to their filing as public records. The primary object, no doubt, was to afford satisfactory proof to the recording officer of the genuineness of the instrument; but, aside from this, it was also to provide a guaranty to the public at large of the bona fides of the transaction. The signatures of the parties to the mortgage in the space for witnesses furnish no additional proof to the register of deeds as to the execution of the mortgage, and add nothing to the means by which the public may judge of its integrity. But not only is the construction contended for by respondent repugnant to the intent and purpose of the statute, but is, we think, entirely out of harmony with its language, as commonly understood; for we think men generally understand it to mean the calling in of a person who is not a party to the transaction to hear and see its consummation, and subscribe his name as a witness to what the parties have in his presence consummated, and that parties to the contract are disqualified to act in that capacity; and such is the weight of authority. A mortgagee cannot, therefore, witness his own mortgage. The mortgage in question has then but one witness. The statute requires two, to admit it to filing, and there are no exceptions. The mortgage was not entitled to be filed, and the fact that it was filed did not operate to give constructive notice of its existence. The order granting a new trial is reversed. All concur.