## RAY v. SOUTHERN TRADING CO.

No. 908.    Opinion Filed July 11, 1911.

(116 Pac. 810.)

CHATTEL MORTGAGES—Execution—Subscribing Witnesses—Necessity. Under Wilson's Rev. & Ann. Stats. of Okla. 1903, sec. 3583, a chattel mortgage must be executed "in the presence of two persons, who must sign the same as witnesses thereto," in order to entitle it to be filed for the purpose of giving constructive notice of its existence; and such mortgage when executed in the presence of but one subscribing witness is void as against creditors of the mortgagor, although the same be deposited with the register of deeds of the proper county for the purpose of being filed.

(Syllabus by the Court.)

*Error from Kiowa County Court; J. W. Mansell, Judge.*

Actions by the Southern Trading Company against George

R. Ray. Actions were consolidated, judgment rendered for plaintiff, and Ray brings error. Reversed.

*Geo. L. Zink* and *J. H. Cline,* for plaintiff in error.

*Lindsey M. Brown,* for defendant in error.

TURNER, C. J. This is two consolidated actions in replevin brought in May, 1907, by the Southern Trading Company, defendant in error, against George R. Ray, plaintiff in error, in the probate court of Kiowa county to recover possession of certain specific articles of machinery alleged to be of the value of $350. Plaintiff claimed a special ownership therein and right of possession thereto by virtue of a certain chattel mortgage thereon, executed and delivered to it at Ft. Worth, Tex., on December 10, 1906, by one E. Johnson, to secure a debt of $891.34, evidenced by promissory note of that date, which was past due and unpaid. At that time the property was in Kiowa county in this state, where it has since remained. Defendant claimed title thereto as purchaser thereof at a sheriff's sale made April 15, 1907, pursuant to an order of the probate court of Kiowa county in execution of a judgment rendered and entered in his favor on March 15, 1907, in a certain action therein pending wherein he was plaintiff and said Johnson defendant, and wherein he had attached the property in controversy as the property of said defendant, to satisfy a debt due plaintiff from defendant, a nonresident. There was trial to the court, and, at the close of the testimony disclosing these facts, judgment for plaintiff, and defendant brings the case here. In support of his contention that the judgment is not sustained by the evidence, and is contrary to law, he says that, as said mortgage discloses the same to have only one witness to the signature of the mortgagor, the same was not entitled to be filed, as it was on December 22, 1906, in the office of the register of deeds of Kiowa county, because in contravention of Wilson's Rev. & Ann. Stats. of Okla. 1903, § 3583, which reads:

"A mortgage of personal property must be signed by the mortgagor in the presence of two persons, who must sign the

same as the witnesses thereto, and no further proof or acknowledgment is required to admit it to be filed."

—and for that reason the same was void as against him as an attaching creditor of said Johnson under section 3578 of said statute, which reads:

"A mortgage of personal property is void as against creditors of the mortgagor, subsequent purchasers and incumbrancers of the property in good faith, for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated."

The point is well taken. In *Campbell et al. v. Richardson et al.,* 6 Okla. 375, 51 Pac. 659, the court in the syllabus said:

"Under section 3275, Okla. St. 1893, a chattel mortgage must be executed 'in the presence of two persons, who must sign the same as witnesses thereto,' in order to entitle it to be filed for the purpose of giving constructive notice of its existence; and such mortgage, when executed in the presence of but one subscribing witness, is void as against creditors and subsequent *bona fide* purchasers and incumbrancers of the mortgagor, although the same be deposited with the register of deeds of the proper county for the purpose of being filed."

See, also, *Greenville Nat. Bank v. Evans-Snyder-Buel Co.,* 9 Okla. 353, 60 Pac. 249; *Strahorn-Hunton-Evans Commission Co. v. Florer & Bannerman,* 7 Okla. 499, 54 Pac. 710.

There is nothing in the contention that defendant's judgment in his suit against Johnson was void and therefore subject to collateral attack; nor anything in the facts to bring the case within the doctrine of *Frick v. Oats et al.,* 20 Okla. 473, 94 Pac. 682, for the reason that defendant took immediate possession of the property after the sheriff's sale, and has since retained it, except for a short time prior to this suit, when the same was wrongfully seized by plaintiff for the purpose of shipping it out of the state.

The judgment of the trial court is reversed.

KANE and WILLIAMS, JJ., concur; DUNN and HAYES, JJ., absent and not participating.