## GUARANTEE STATE BANK v. MOORE.

No. 5101—Opinion Filed Feb. 13, 1917.

(163 Pac. 272.)

(Syllabus by the Court.)

1. **Chattel Mortgages—Record—Requisites—Notice.**

Under section 4036, Rev. Laws 1910, a chattel mortgage must be signed by the mortgagor, and his signature may be either attested by acknowledgment or witnessed by two disinterested persons; and where the same is signed by only one witness and is not acknowledged, it is not entitled to be admitted of record; and where such instrument is recorded, the same does not constitute constructive notice of its existence and is void against creditors of the mortgagor.

2. **Chattel Mortgages — Foreclosure — Petition in Intervention—Sufficiency.**

Plea of intervention examined, and held to state a cause of action, and that the court erred in sustaining a demurrer thereto.

Error from County Court, Harper County; B. C. Krause, Judge.

Suit by Willie Moore against C. Carter and others, in which the Guarantee State Bank intervened as a party defendant. Demurrer to plea of intervention sustained, and intervener brings error. Reversed and remanded, with instructions to grant a new trial.

A. H. Walker (Charles Swindall, of counsel), for plaintiff in error.

Dick & McKenzie, for defendant in error.

TURNER, J. On October 3, 1912, Willie Moore, defendant in error, sued C. Carter on a promissory note and to foreclose a chattel mortgage executed by him to secure the same. He joined J. F. Sizelove, Fargo Grain & Coal Company, and Roll Graves as parties defendant, alleging that Sizelove had a first mortgage on the wheat described in the mortgage; that it was in the process of foreclosure, and asked the court to make an order requiring Sizelove to pay into court the residue, after payment of his first mortgage, etc. He alleged that Fargo Grain & Coal Company and their agent, Roll Graves, had in their possession and control $214, being the purchase price of certain wheat sold by Carter to it, but not paid to him by reason of said mortgages, and also asked that the court make an order requiring said grain company to pay said sum into court to be applied on his mortgage.

Plaintiff's note and mortgage were dated June 1, 1912, and made payable on September 1, 1912. The mortgage was recorded on October 2, 1912, and covers the following personal property:

"Wheat on section 14, 25, 26, which property is owned by me in my possession on northeast ¼, section 14, township 25, range 26, county of Harper, Okla. Also, the growing crop of * * * or any other crops of any kind or nature sown, grown or raised for the season of 1912, on the northwest ¼ of section 14, township 25, range 26, county of Harper, Oklahoma."

The above mortgage is signed by only one witness, and is not acknowledged.

On October 30th, the Guarantee State Bank, plaintiff in error, intervened as a party defendant; and, in addition to a general denial of plaintiff's petition, alleged that on September 17, 1912, said Carter executed and delivered to it three certain promissory notes, the first of which became due on October 15th thereafter, and to secure said notes, Carter executed to them his chattel mortgage, dated September 17, 1912, duly acknowledged and recorded October 15, 1912, and asked that its lien on the mortgaged

property be declared superior to the lien of plaintiff. They further alleged that the first of said notes had become due and payable, that Carter had absconded, etc., and asked that its mortgage be foreclosed. The description of the property in the chattel mortgage of the Guarantee State Bank, omitting live stock, is as follows:

"Two-thirds of one hundred thirty acres kaffir corn, crop of 1912. One thousand bushels wheat in bin, crop of 1912; five hundred bushels oats in stack, crop of 1912; two hundred acres of wheat to be planted in 1912 on Mr. Wells' place. This mortgage covers all the property of the above description."

Plaintiff's demurrer to the plea of intervention of the Guarantee State Bank was sustained, upon the ground "that said intervention fails to state facts sufficient to affirmatively appear or establish a lien upon the 120 acres of kaffir corn or upon the wheat in controversy in this action superior and prior to the lien of the plaintiff herein," and the bank brings the case here and alleges that the court erred in sustaining plaintiff's demurrer to its plea of intervention.

The court erred. Although plaintiff's mortgage was executed and recorded prior to the mortgage of the intervener, as the same was not acknowledged or "signed and validated by the signature of two persons not interested therein," as required by statute, it was not entitled to be admitted of record. Section 4036, Rev. Laws 1910, requires:

"A mortgage of personal property must be signed by the mortgagor. Such signature may either be attested by acknowledgment before any person authorized to take acknowledgments of deeds or it may be signed and validated by the signature of two persons not interested therein. Mortgages signed in the presence of two witnesses or acknowledged before an officer, as herein provided, shall be duly admitted of record."

Hence it was not constructive notice to creditors. Rev. Laws 1910, sec. 4031.

In Ray v. Southern Trading Co., 29 Okla. 242, 116 Pac. 810, the chattel mortgage was signed by only one witness, but was recorded. In holding that the signature of one witness was not sufficient compliance with the statute (section 3583, Wilson's Rev. & Ann. St.) to entitle the mortgage to be recorded, and that the recording of same did not constitute constructive notice to creditors, the court said:

"Under Wilson's Rev. & Ann. Stats. of Okla. 1903, sec. 3583, a chattel mortgage must be executed 'in the presence of two persons, who must sign the same as witnesses thereto,' in order to entitle it to be filed for the purpose of giving constructive notice of its existence; and such mortgage when executed in the presence of but one subscribing witness is void as against creditors of the mortgagor, although the same be deposited with the register of deeds of the proper county for the purpose of being filed."

To the same effect, see Campbell et al. v. Richardson et al., 6 Okla. 375, 51 Pac. 659.

We are therefore of opinion that the petition of the Guarantee State Bank, intervenor, stated facts sufficient to establish its lien upon the property involved, inasmuch as the effect of plaintiff's demurrer was to admit that both mortgages covered the same property.

The contention of plaintiff that the case-made should have been served upon J. F. Sizelove and Fargo Grain & Coal Company is without merit, as no judgment has been rendered against either in this case. Neither is there any merit in the contention that no exceptions were saved to the rendition of the judgment from which this appeal is prosecuted.

It follows that the judgment of the trial court should be reversed, and the cause remanded, with instructions to grant a new trial.

All the Justices concur.