## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

---

C. W. DAVIS, as Administrator of the Estate of J. W. Johnston, Deceased, v. IDA M. CALDWELL, as Executrix of the Last Will and Testament of W. A. Caldwell, Deceased, and W. C. Caldwell.

(163 N. W. 275.)

Chattel mortgages — execution of — witnesses — filing of — notice — witness described as mortgagee — mistake — beneficial interest — mortgagee fully disclosed by name — mortgage filed — operates as notice.

When the law relating to the execution of chattel mortgages provides that a chattel mortgage in order to be entitled to be filed must be signed by the mortgagor in the presence of two witnesses, who must sign the same as witnesses thereto, or that such chattel mortgage, where it is not so witnessed, shall be acknowledged before some official qualified to take the acknowledgment, such law is complied with notwithstanding the name of one of the witnesses to such chattel mortgage appears through mistake, inadvertence, or clerical error, in the body of the chattel mortgage as mortgagee, where such mortgage shows on its face that such witness had no beneficial interest in such mortgage, and also discloses the name of the mortgagee who has a beneficial interest in such chattel mortgage, and to whom the debt is owing which is secured by the chattel mortgage, and such chattel mortgage when filed operates to give sufficient notice to all subsequent purchasers and encumbrances of the mortgagee's interest in and lien on the property described in such mortgage.

Opinion filed May 8, 1917.

37 N. D.—1.

Appeal from the District Court of Dickey County, Honorable *Frank P. Allen,* Judge.

Judgment reversed.

*J. A. McKee,* for appellants.

An agent who acts solely for his principal and by and under the direction of his principal, and without knowledge of any wrong and without any bad intent or motive, is not liable as for conversion of property taken by him in such capacity and under such circumstances. Rogers v. Huie, 2 Cal. 571, 56 Am. Dec. 363; Leuthold v. Fairchild, 35 Minn. 99, 27 N. W. 503, 28 N. W. 218; 2 C. J. p. 827, and cases cited in note 82.

A chattel mortgage, to be effectual against third parties, must point out the parties,.so that a third person, by its aid, together with the aid of such inquiries as the instrument itself suggests, may identify them. 6 Cyc. 1022, and notes and cases cited therein.

Where ambiguity exists as to the mortgagee, the real test in determining the same is to ascertain the beneficial party or mortgagee—that is, who owns the claim secured. World Mfg. Co. v. Hamilton-Kenwood Cycle Co. 123 Mich. 620, 82 N. W. 528; 6 Cyc. 1022, and note and cases cited; First Nat. Bank v. Ridenour, 46 Kan. 707, 27 Pac. 150.

Where one of the witnesses is by mistake described in the mortgage as mortgagee, and it can be clearly ascertained who is the mortgagee or real party in interest as such, the mortgage will be held good. Watts v. First Nat. Bank, 8 Okla. 645, 58 Pac. 782.

Where a third party takes a chattel mortgage on property, actually knowing of the existence of another or first mortgage on same property, the fact that such first mortgage was not filed, or that it was not even the proper subject of filing, makes no difference, and he takes his mortgage subject to the other unfiled mortgage. Comp. Laws 1913, § 6758; 6 Cyc. 1074, and notes and cases cited.

Even constructive notice in such cases is generally held sufficient. 6 Cyc. 1077, 1079, and notes and cases cited; Allen v. McCalla, 25 Iowa, 464, 96 Am. Dec. 56; Comp. Laws 1913, 6758; Thompson v. Armstrong, 11 N. D. 198, 91 N. W. 39.

A party under such circumstances must bring himself squarely under the statute before he can recover. Thompson v. Armstrong, supra; 6 Cyc. 1079, and notes and cases cited therein.

*Davis & Warren,* for respondents.

It is well settled that if the acts in fact constitute a conversion, the existence of the agency will not shield the agent from liability. There are no accessories in conversion. Hodgson v. St. Paul Plow Co. 50 L.R.A. 649, note.

So far as the recording acts or filing laws are concerned, it is immaterial as to who the actual mortgagee is. The instrument must speak for itself, and when an individual mortgagee is also one of the witnesses, the mortgage cannot be filed, because it is not properly witnessed, and the filing of an instrument not the proper subject of filing does not convey notice to third persons. Donovan v. St. Anthony & D. Elevator Co. 8 N. D. 585, 46 L.R.A. 721, 73 Am. St. Rep. 779, 80 N. W. 772; Pease v. Magill, 17 N. D. 166, 115 N. W. 260; Havemeyer v. Dahn, 48 Neb. 536, 33 L.R.A. 332, 67 N. W. 489; Freerks v. Nurnberg, 32 N. D. 587, 157 N. W. 119; 3 C. J. 1382, and cases cited in note 24.

GRACE, J. The complaint in the case is one for conversion, and alleges among other things that the defendants unlawfully and wrongfully took possession of, sold, and converted to their own use certain personal property, to wit, one black mare named "Maud," one black horse named "Tom," and one bay horse named "Colonel," of the value of $700, and demands judgment for such sum, with interest.

The complaint further alleges that on the 1st day of April, 1912, Earl M. Alcorn, at La Moure, La Moure county, North Dakota, executed and delivered to the plaintiff his certain chattel mortgage upon certain personal property described as follows: One black mare named "Maud," one black horse named "Tom," and one bay horse named "Colonel;" such chattel mortgage being given to secure three promissory notes,— one note for $550, one note for $87.30, and one note for $232.18. That said mortgage was executed in the presence of two witnesses, and was on the 12th day of April, 1912, at the hour of 2 o'clock P. M. filed in the office of the register of deeds of La Moure county, North Dakota. That said plaintiff is the owner and holder of said notes and mortgage, and that there is due and unpaid thereon $811.26, with interest.

The complaint further states a proper demand.

Defendants for answer enter a general denial, except that they admit the allegations contained in paragraphs 1 and 2 of the complaint. The

defendants further allege that on the 16th day of March, 1911, Earl M. Alcorn, then of Dickey county, North Dakota, executed and delivered to Ida M. Caldwell, as the executrix of the last will and testament of W. A. Caldwell, deceased, a certain chattel mortgage upon the same property mentioned in the complaint, which was given to secure a note for $300 payable to the estate of W. A. Caldwell, which note became due on the 1st day of November, 1911.

Defendants further allege that such mortgage was a first lien upon all such property, and that such lien of the defendants was a prior lien to any lien claimed by the plaintiff. That default occurred in the payment of said note and mortgage, and the said defendant Ida M. Caldwell, as executrix as aforesaid, on or about the 20th day of March, 1913, acting through the defendant W. C. Caldwell, who then and there acted as her authorized agent, lawfully took possession of the property described in the complaint and foreclosed the same by advertisement as required by law, to satisfy the amount due upon such mortgage; that such property was sold to the highest bidder for cash, and full report of such chattel mortgage sale, as by law required, was made to the register of deeds of Dickey county on the 11th day of April, 1913, and that the proceeds of such sale were $316, and no more.

Defendants further alleged that plaintiff in this action had full, complete and actual knowledge of the execution and delivery to the defendant Ida M. Caldwell, as executrix of the estate of W. A. Caldwell, of the mortgage described in defendants' answer, and also had notice of the fact that the debt secured thereby was unpaid, and that plaintiff took his said mortgage with such actual notice.

The facts in the case are as follows: The plaintiff claims title to the property in question under and by virtue of a certain chattel mortgage executed by Earl M. Alcorn on April 1, 1912, to J. W. Johnston, now deceased, which said chattel mortgage was filed in the office of the register of deeds of La Moure county, North Dakota, on April 12, 1912, which mortgage was given to secure notes aggregating $811.26, with interest at 10 per cent, and in which chattel mortgage is described the property involved in this controversy. On the 16th day of March, 1911, and prior to the execution and filing of the mortgage from Alcorn to Johnston, Alcorn, who then resided in Dickey county, North Dakota, executed and delivered to the estate of W. A. Caldwell, mortgagee, a

certain chattel mortgage bearing date the 15th day of March, 1911, which was filed in the office of the register of deeds of Dickey county on the 16th day of March, 1911, which said chattel mortgage was given to secure a note for $300 due on or before November 1st 1911, which said chattel mortgage also covers and describes the same personal property as that involved in the controversy in this action, and which is also the same personal property described in the chattel mortgage executed by Alcorn to Johnston. It appears in such chattel mortgage to the estate of W. A. Caldwell, that the name of W. C. Caldwell was mentioned four different times as mortgagee; and it also appears from the said mortgage that the estate of W. A. Caldwell was named as mortgagee once, and it is stated in said mortgage as follows: "The said mortgagor, being justly indebted to the mortgagee in the sum of $300, which is hereby confessed and acknowledged, according to the terms and conditions of a certain promissory note for said sum, payable to the estate of W. A. Caldwell, mortgagee, as follows: One note for $300 due on or before November 1, 1911, with interest at the rate of 10 per cent per annum after date until paid; has for the purpose of securing the payment of said note and interest, granted, bargained, sold, and mortgaged, and by these presents does grant, bargain, sell, and mortgage unto the said mortgagee all that certain personal property described as follows:"

Then follows a description of the property involved in this controversy.

William Nesbit and W. C. Caldwell were witnesses to such mortgage.

W. C. Caldwell, claiming to be the agent of Ida M. Caldwell, the executrix of the estate of W. A. Caldwell, took possession of such property, and sold the same at chattel mortgage sale for the sum of $316, and made due report of such chattel mortgage sale to the register of deeds of Dickey county on the 11th day of April, 1913.

The appellant makes several assignments of error, but we find it necessary to consider only one assignment, with its subdivisions, which is as follows: "The evidence is insufficient to justify the findings and decision of the court in the above-entitled action, because: (1) the evidence clearly shows that the mortgage 'exhibit E' was duly executed, delivered, and filed, and was duly and legally foreclosed, and that the property alleged by the plaintiff to be converted was taken under the foreclosure of said mortgage upon default in payment of the debt

secured. (2) There is absolutely no evidence or proof that J. W. Johnston, the original plaintiff herein, who was named as mortgagee in the mortgage 'exhibit D,' did not have knowledge of the existence of the mortgage 'exhibit E' at the time he accepted the mortgage 'exhibit D,' or at the time of the execution thereof, and the evidence is therefore not sufficient to sustain the court's findings of fact No. 14."

With the foregoing we may include an error of law by the court, namely, the court's conclusion of law No. 1 to the effect that such chattel mortgage "exhibit E" was not entitled to be filed under the laws of the state of North Dakota, and that the filing thereof did not operate to give constructive notice thereof.

There is but a single question involved in this action, and that is whether or not the chattel mortgage executed by Alcorn to the estate of W. A. Caldwell on the 16th day of March, 1911, was invalid for the reason that in different portions of such chattel mortgage the name of W. C. Caldwell appears as mortgagee, and his name also appears as one of the witnesses. If W. C. Caldwell was a proper witness to such mortgage, such mortgage is a valid mortgage and a first lien upon such property. If he was not a proper person to witness such chattel mortgage, then in all probability, as far as innocent purchasers are concerned, such mortgage was not a valid mortgage, and did not give constructive notice to such subsequent purchasers. The respondent claims that W. C. Caldwell was not a proper witness to such chattel mortgage "exhibit E," and could not witness the same, for the reason that in different parts of such chattel mortgage he was named as mortgagee, and for that reason the said chattel mortgage was not entitled to be filed of record in Dickey county, and therefore was not notice to subsequent purchasers in good faith. The disposition of this question disposes of this case.

To arrive at a proper conclusion in this case it is necessary to know who is a mortgagee as defined by law. In 27 Cyc. 1045 we find the following: "The provisions of a mortgage are not personal to the party named in it as mortgagee, but are for the benefit and security of the real owner of the debt thereby secured."

It would seem, therefore, that the benefits of the chattel mortgage provisions are for the real owner of the debt secured thereby. Thomas on Mortgages, § 427, defines a chattel mortgage thus: "A transfer of

personal property as security for a debt or obligation in such form that upon failure by the mortgagor to comply with the terms of the contract the title to the property will be in the mortgagee."

Jones on Chattel Mortgages, § 1, speaks thus of chattel mortgages: "A conditional sale of chattels as security for the payment of a debt or the performance of some other obligation."

The well-understood and generally accepted meaning of the expression "chattel mortgage" is that it is an instrument executed by one, who is termed the mortgagor, to one, who is termed the mortgagee, whereby the mortgagor gives to the mortgagee a lien upon personal property as security for a debt or the performance of some obligation. The main office of a chattel mortgage is the security of a debt or obligation, and whoever owns the debt which is secured is really and in fact the mortgagee, because it is the debt owing to him which is really secured by the instrument. And if it appears from the body of the instrument in a chattel mortgage to whom the debt which it secures is really owing, such a one is in truth and in fact the real mortgagee, for the reason that he is the one to whom the debt is owing, and it is to secure such debt the chattel mortgage is given, and it must follow that the person to whom the debt is owing is the beneficial mortgagee.

In the case of Lawrenceville Cement Co. v. Parker, 21 N. Y. Civ. Proc. Rep. 263, 15 N. Y. Supp. 577, it was stated: "A mortgage given to the *cashier* of a bank *in his individual name, but to secure a debt due to the bank,* is a valid security in favor of the *bank.*" This doctrine was affirmed in 133 N. Y. 622, 30 N. E. 1150.

The main question in this case is, What debt was intended to be secured? There can be but one answer to that question, and that is, it was the debt to the estate of W. A. Caldwell. If the chattel mortgage in question did not secure a debt to the estate of W. A. Caldwell, it did not secure any debt. In the mortgage itself it recites that it is given to the estate of W. A. Caldwell, mortgagee, to secure a note for $300. The estate of W. A. Caldwell was then the actual beneficial mortgagee. This question was also squarely passed on in First Nat. Bank v. Ridenour, 46 Kan. 711, 27 Pac. 150. W. C. Caldwell appearing therefore to have no beneficial interest in such chattel mortgage, "exhibit E," such chattel mortgage being given to secure a debt due the estate of W. A. Caldwell, in which W. C. Caldwell had no interest, he was a compe-

tent witness to such chattel mortgage; and the fact that his name appears at different times in such chattel mortgage by clerical error, inadvertence, mistake, or otherwise, would in no manner affect his competency as a proper witness to such chattel mortgage. Such being the case, and W. C. Caldwell being a proper witness with Nesbit, the chattel mortgage "exhibit E" was properly filed and was constructive notice to all subsequent purchasers.

The case of Donovan v. St. Anthony & D. Elevator Co. 8 N. D. 585, 46 L.R.A. 721, 73 Am. St. Rep. 779, 80 N. W. 772, is not in point, as it is an entirely different state of facts. In the mortgage involved in that case the mortgagee was the person beneficially interested. He was the one to whom the debt was owing. The mortgage was given to secure a debt due *him* as such *mortgagee,* and is an entirely different and distinct case from the one at bar, for the reason that in the case at bar the debt was owing to the estate of W. A. Caldwell, named also as mortgagee, and W. C. Caldwell has no interest in the debt, and the mortgage was not given to secure any debt due to him. The decision in this case in no manner conflicts with the decision and rule of law laid down in Donovan v. St. Anthony & D. Elevator Co. The rule laid down in the Donovan v. St. Anthony & D. Elevator Co. Case is a proper rule, and we should have followed it if the facts were the same, but the facts are entirely different so far as the mortgagees are concerned.

The case of Pease v. Magill, 17 N. D. 166, 115 N. W. 260, is not in point; for in that case the chattel mortgage was neither acknowledged nor contained two witnesses as required by law.

The judgment of the District Court is in all things reversed, and the case is remanded for further proceedings in harmony with this opinion.