NICK STOFFEL and Peter Stoffel, Appellants, v. J. S. SULLI-VAN and F. Johnson, Respondents.

(193 N. W. 45.)

**Chattel mortgage — incorporation in mortgage of mortgagor's receipt showing surrender of copy of mortgage held insufficient; attached.**

Where the receipt required to be surrendered to the mortgagor by the

Note.—On effect of failure to execute and record chattel mortgage as required by statute, see notes in 127 Am. St. Rep. 833; 137 Am. St. Rep. 471; 5 R. C. L. 395.

mortgagee, under § 6763, Comp. Laws 1913, is incorporated in the body of the mortgage, and the mortgagor signs but once, and in the usual place at the end of the body of the instrument, it is *held* that this is not a substantial compliance with the statute and that the filing of such an instrument is not notice to anyone.

Opinion filed March 22, 1923.    Rehearing denied April 13, 1923.

Chattel Mortgages, 11 C. J. § 141 p. 489 n. 49.

Appeal from a judgment of the District Court of Ransom County, *Allen,* J.

Affirmed.

*C. G. Bangert,* for appellants.

*C. O. Heckle* and *Curtis & Remington,* for respondents.

JOHNSON, J.    This is an appeal from the judgment dismissing plaintiffs' cause of action with prejudice and for taxable costs in favor of defendants.    A concise statement of the facts will disclose the issues. One, Oien was engaged in the lumber and hardware business at Venlo in Ransom county.    He first conducted the business in the name of A. P. Oien and later as the Venlo Lumber Company.    Later he became indebted to both the plaintiffs and the defendants.    On January 13, 1921, he gave a note for $1,925, to the plaintiffs.    He attempted to secure this note by a mortgage upon certain real estate and on a stock of lumber and hardware then in the yards of the Venlo Lumber Company, at Venlo.    Oien was the owner of the Venlo Lumber Company.    On the 17th day of May 1920, Oien desiring to purchase a quantity of lumber for retail, procured the defendants to sign an agreement to indemnify the Farmers State Bank of Anselm for any sum advanced him for the purchase of lumber.    In pursuance of that agreement the defendants signed notes in the sum of $4,317.21.    During the month of August 1920, Oien delivered to defendant Sullivan a bill of sale of the lumber purchased with the proceeds of the notes.    The bill of sale was not witnessed, acknowledged, nor filed but was retained by Sullivan among his papers.    On May 10th, 1921, defendants entered into a written agreement with Oien (Exhibit "6") whereby they took the lumber in satisfaction of their claim against him.

Defendants took possession of the personal property, sold it and applied it to the discharge of the debt which Oien owed them.    It is the

claim of plaintiffs that the chattel mortgage, whatever its form, was a first lien upon this personal property, while the defendants claim the mortgage was not executed according to the forms required by law and was not entitled to be filed and therefore no notice to them. The mortgage was recorded as a mortgage on real property in the office of the register of deeds. It was also filed in his office as a chattel mortgage, on the 23d day of February, 1921, a few minutes after the time it had been recorded as a real estate mortgage. It was in form a combination real estate and chattel mortgage. The mortgage was dated January 13, 1921, but was not acknowledged until February 21, 1921.

Section 6763, Comp. Laws provides:

"A mortgage of personal property must be signed by the mortgagor in the presence of two witnesses who must sign the same as witnesses thereto, or acknowledge the execution of the same before some official qualified to take acknowledgments. And every mortgagee must surrender to the mortgagor at the time of the execution of the mortgage a correct copy of the original mortgage, so signed, with witnesses or acknowledgment shown thereon. And the mortgagor must surrender to the mortgagee a receipt which shall be attached to the original mortgage showing that the mortgagee has surrendered to him a copy of such mortgage, and said receipt must accompany the mortgage when presented to the register of deeds and filed therewith. Otherwise said mortgage shall not be filed as a chattel mortgage by the register of deeds."

The concluding paragraph of the body of the mortgage is as follows:

"And the said party of the first part does hereby acknowledge the receipt of a true and correct copy of the foregoing mortgage from the said mortgagee the day and date above written.

"In witness whereof the said party of the first part has hereunto set his hand the day and date first above mentioned."

Immediately following the language quoted and at the end of the body of the instrument is affixed the signature of A. P. Oien. He signed at no other place.

The sole question in this case is whether the language quoted above, the concluding paragraph of the body of the mortgage, and the inclusion of this receipt in the body of the mortgage is a sufficient compliance with § 6763, which required that the receipt for the copy "shall

be attached to the original mortgage showing that the mortgagee has surrendered to him (the mortgagor) a copy of such mortgage."

Section 6763 was enacted in 1913 and it is evident that the primary purpose of the law was to prevent fraud or imposition upon the mortgagor, in the description or inclusion of property, or otherwise. It seems that the legislature designedly required the receipt to be "attached" to the mortgage rather than, by the use of apt language, permitting the receipt to be included in the body of the instrument. It was probably supposed that if the mortgagor executed a receipt, either separately or attached to the original mortgage, but signed separately, at the time of the execution thereof, it would call to his attention his right to a copy and tend to insure that the mortgagee, in compliance with the statute, would deliver the copy. On the other hand, if the receipt were incorporated within the body of the instrument, which is seldom read in detail by the mortgagor, then, in all probability, nothing would ever come to his attention apprising him of his right to a copy of the instrument, and he might not receive the copy, thereby enabling the mortgagee to frustrate, in fact, the purpose of the legislature. In this case, furthermore, it is impossible that the mortgagor could have received a copy of the mortgage on the 13th of January, because it was not completed by appending an acknowledgment thereto until more than a month afterwards. Neither was the alternative requirement of two witnesses complied with. If, at the time he signed the mortgage containing this receipt, he received a copy thereof, it was a mortgage in form binding as between himself and the mortgagee, but not entitled to record, and therefore of no effect against third parties without actual knowledge.

It is significant that the legislature required the receipt to be "attached" to the *original;* if the legislature contemplated that it would be sufficient to incorporate the receipt in the body of the instrument, it would of course have been a part of the copy delivered as well. It is clear that the mortgagee is not required to deliver to the mortgagor a copy of the mortgage with a copy of the receipt attached; the receipt need be attached only to the original mortgage which is filed in the office of the Register of Deeds. In our opinion this is indicative of a legislative intent that the receipt should not appear in the body of the instrument.

Webster's Dictionary defines "attach" to mean "to bind, fasten, tie, or connect; to make fast or join; as, to attach one thing to another by a string, by glue, or the like." To incorporate a receipt in the body of the instrument is not "attaching" the same thereto, within the letter or the spirit of this statute. The word "contain," which appears in the South Dakota statute, hereafter referred to, does not mean the same as "attach." Standard Dictionary gives as the first definition of "contain" "To have for its contents." In the "Introductory" to the Standard Dictionary it is said that the most common meaning is first given. It would be a gross misconstruction and misuse of words well understood to use the words "contain" and "attach" synonymously, or give "attach" the same meaning as "contain." If a statement of fact is included in the body of an instrument, it would be manifestly incorrect to say that such statement was "attached" to the instrument. We have been unable to find any statute like our own and no decision in point upon the same state of facts.

The statute prohibits the register of deeds from filing the mortgage unless it has "attached" to it the mortgagor's receipt. There being no receipt attached to the mortgage in this case, and the incorporation of a receipt within the body of the instrument not being in compliance with the statute, the register of deeds was without authority to file this instrument as a chattel mortgage.

The authorities are substantially unanimous that an instrument in the form of a chattel mortgage, but which for some reason appearing upon the face thereof, is not entitled to be filed or recorded, does not constitute constructive notice to subsequent purchasers or incumbrancers for value without actual knowledge. This rule has been announced many times by this court. Pease v. Magill, 17 N. D. 166, 115 N. W. 260; Davis v. Caldwell, 37 N. D. 1, 6, 163 N. W. 275.

It may be contended that the receipt is not a part of the mortgage, but is a sort of appendage thereto, and that the mortgage itself, being regular and complete in form, is sufficient to impart constructive notice, and that, therefore, this case is distinguishable from the line of authorities where, because of defect upon the face of the instrument, it was not entitled to record. We are unable to perceive any force in this argument. The execution and filing of the receipt are specifically required by the statute and the register of deeds is directed not to file the mort-

gage if this provision be not complied with. In the absence of **statutory** provision, a mortgage on personal property, when possession is retained by the mortgagor, is of no avail against creditors or subsequent purchasers and encumbrancers without actual knowledge of the existence of the mortgage. The legislature has prescribed, in general terms, the form of chattel mortgage, the manner of its execution, and has imposed certain conditions, upon substantial compliance with all of which the mortgagee may file the instrument with the register of deeds, whereupon he becomes entitled to enlarged protection by virtue of such filing, which, but for such filing, he would not enjoy. It is incumbent upon him to comply substantially with the provisions of the statute in order to become entitled to its full benefits. The notice imparted to the public from the filing of an instrument is purely theoretical and constructive; yet the person who properly files such an instrument becomes entitled to certain rights to the same extent as if every member of the public had actual knowledge of the details of the contract between the mortgagor and the mortgagee. The statute should not be extended by any strained or unnatural construction of words of well understood meaning. Nor, on the other hand, should this court, by giving an unusual or strained signification to words, lay down a rule, the result of which must be to defeat the real purpose the legislature had in view and which it expressed in unambiguous language. The making of the receipt and the delivery of the copy of the mortgage to the mortgagor may be a part of, must, at least, be associated with, the transaction that results in the execution and filing of a mortgage that will be sufficient to impart constructive notice to third parties without actual knowledge. This situation cannot, on principle, be distinguished from those cases where the statute requires an affidavit to be attached to and filed with the mortgage. This provision is usually for the protection of creditors against fraudulent mortgages executed to hinder them in the enforcement of their rights. In the case at bar the purpose is to protect the mortgagor. We have found no case in those jurisdictions where affidavits are required, where the courts, in passing upon the sufficiency of an affidavit alleged to be faulty, or the effect of its total absence, have investigated the facts as to whether or not any creditor was defrauded or whether or not the mortgage was collusive and fraudulent in fact. The sole inquiry has been—and should be here—whether the statutes

have been substantially complied with. Whether, in fact, the mortgagor here received a copy and was therefore wholly protected under the law, is not material upon any issue here raised. We are asked to construe a statute and announce a rule which may have important bearing upon rights of property in the future. We are not to embark upon an investigation in each individual case to ascertain whether, in fact, a copy was delivered, or if not delivered, whether a fraudulent purpose lay in the background; it is our duty to give effect to the legislative mandate and the sole inquiry is whether the evidence—the receipt—of compliance with the statute, in statutory form, and in the statutory manner, was deposited in the office of the register of deeds. Our statute declares a mortgage void as against creditors, etc., unless filed and then provides it shall not be filed unless it be acknowledged or witnessed and have a receipt attached to it. If a mortgage is filed in violation of the statutory mandate, the legal effect is the same as if no mortgage had been filed—it is not notice to creditors, etc., under the statute and the filing is a nullity. This is the rule with respect to mortgages on real property. Jones, Mortg. § 494. The principle is applicable in this case and the rule should be the same.

The statutes of the state of Michigan require that the mortgagor must execute an affidavit and annex the same to the mortgage before filing it, setting forth certain facts. If such affidavit be not attached and filed, the mortgage is void as against creditors, etc. The statute further provides that the mortgage shall not be filed by any officer until such affidavit is made and annexed to the mortgage. In People use of Esper v. Burns, 161 Mich. 169, 137 Am. St. Rep. 466, 125 N. W. 740, the court held that when a mortgage was filed without such an affidavit as was required by the statute above described, the filing of the instrument would not give constructive notice to anyone. In that case the mortgage was complete upon its face, but the affidavit was not legal, not having had the necessary jurat affixed, though the affidavit was signed and sworn to in fact, by the person required to make it. The receipt of the mortgagor, required under our statute, is as much an integral part of the execution of the mortgage as is the affidavit required by the Michigan statute. The consequences following upon omission to file the one or the other, in the statutory form and manner, as far as constructive notice is concerned, should be the same.

The statute of Vermont 1906, § 2622, requires that the mortgagor and the mortgagee execute an affidavit to the effect that the debt secured is a just debt and owing from the mortgagor to the mortgagee. Without such affidavit the officer may not file the mortgage. The statute further requires that this affidavit shall be "appended to such mortgage and recorded therewith," to constitute a mortgage valid against any person but the mortgagor or his personal representative. In the case of Hunt v. Allen, 73 Vt. 322, 50 Atl. 1103, the supreme court of Vermont held that a chattel mortgage, not accompanied by this affidavit, was not entitled to record and that the recording of the same would not give constructive notice. The court further held that the affidavit and the mortgage constitute one instrument and that a mortgage "without these essentials is not executed in accordance with the statute." In our statute the receipt must be "attached," a word, under the circumstances, not distinguishable in meaning from "appended" in the Vermont act.

The appellant cites the case of Foss v. Van Wagenen, 20 S. D. 39, 104 N. W. 605. An examination of this case discloses the fact that it is not in point. The South Dakota statute, which was before the court in that case, is substantially different from the North Dakota statute. It provides that every chattel mortgage shall be void "unless it appears *upon* the mortgage instrument over the signature of the mortgagor that a true copy of the same has been delivered to and received by the mortgagor." This is § 2 of chapter 95, Session Laws of 1897. In the Foss Case, supra, the chattel mortgage contained in the body thereof a receipt and this was over the signature of the mortgagor. Of course, this was held to be a sufficient compliance with the statute.

The South Dakota statute was modified by the codifiers, and the modification was accepted by the legislature of 1903. Section 2092 S. D. Revised Code 1903, which appears in S. D. Revised Code, 1919 as § 1579, provides:

"No register of deeds shall receive or file any chattel mortgage which does not *contain* a receipt over the signature of the mortgagor to the effect that a copy of such mortgage has been received by him, and every chattel mortgage not containing such receipt shall be null and void."

While this statute has been many times either cited or considered by the South Dakota supreme court, no decision thereunder throws any light upon the issues in the case at bar. Under the South Dakota stat-

ute, inquiry into the effect of filing a mortgage without such receipt is wholly superfluous because the instrument is entirely void, even between the parties themselves. It must be clear that the language of the South Dakota statute is materially different from that found in our own. The words "upon" or "contain" in the South Dakota law cannot be considered synonymous with "attached" in § 6763, N. D. Comp. Laws, 1913.

This opinion was written after a rehearing and is the only opinion published.

The judgment of the trial court is affirmed.

BRONSON, Ch. J., and CHRISTIANSON, NUESSLE, and BIRDZELL, JJ., concur.