SECURITY STATE BANK, Respondent, v. BURNSTAD FARM-
ERS ELEVATOR COMPANY, a Corporation, Appellant, and
Christ Schock, Appellant.

(232 N. W. 295.)

Opinion filed August 1, 1930.   Rehearing denied October 14, 1930.

*Jacobsen & Murray* and *Max Wishek,* for Elevator Company, ap-
pellant; *William Langer* and *I. F. Wagner,* for Schock, appellant.

44

*W. D. Lynch* and *I. A. Mackoff*, for respondent.

BURR, J. The plaintiff sues for the conversion of grain upon which it claims a mortgage. Judgment was rendered in its favor, and from the order denying a motion for judgment notwithstanding the verdict or for a new trial the defendants appeal.

Appellants say the evidence is insufficient to sustain the judgment in several respects, one of which is that plaintiff did not surrender to the mortgagor a correct copy of the chattel mortgage with the acknowledgment shown thereon; and allege this defect is fatal so that the filing of the mortgage failed to constitute notice, and that they had no actual notice thereof.

Plaintiff claims that Otto Schock, purchased from his father Christ Schock, one of the defendants herein, a quarter of land under contract of sale, and received another quarter from his father as a gift; that thereafter Otto Schock gave to the plaintiff a chattel mortgage on the crop grown on this land in 1927; that this chattel mortgage was duly filed; that thereafter the 1927 crop was delivered to the defendant elevator company by Christ Schock and Otto Schock and sold by them to the elevator company.

There is no claim that the appellants had any notice of this chattel mortgage except such notice as they may have received because of its being filed in the office of the Register of Deeds. If therefore, the statutory requirements entitling it to be filed, were not followed substantially, the filing was not constructive notice to subsequent purchasers. See Pease v. Magill, 17 N. D. 166, 115 N. W. 260; Davis v. Caldwell, 37 N. D. 1, 6, 163 N. W. 275; J. I. Case Threshing Mach. Co. v. Olson, 10 N. D. 171, 86 N. W. 718; Donovan v. St. Anthony & D. Elevator Co. 8 N. D. 585, 589, 46 L.R.A. 721, 73 Am. St. Rep. 779, 80 N. W. 772; Keith v. Haggart, 2 N. D. 18, 23, 48 N. W. 432.

On the face of the mortgage, after the signature of the mortgagor and the blank spaces left for the signature of witnesses, and at the very bottom of the paper, appears the following:

"Mortgagor's receipt for copy.

"I hereby acknowledge that at the time of the making and delivery

of this mortgage, the mortgagee delivered to me a full, true and complete copy of the foregoing mortgage without additional cost to me, and that I received said copy.

"Otto Schock,<br>"Mortgagor."

No one signed as a witness to its execution; but on the back of the chattel mortgage is the following:

"State of North Dakota ⎱ ss.
"County of McIntosh ⎰

"On this 24th day of August, A. D. 1927, before me personally appeared Otto Schock known to me to be the person who is described in and who executed the within instrument and acknowledged to me that he executed the same freely and voluntarily.

" H. E. Kusler

"Notary Public in and for said County and State.

"[Seal]

"My Commission expires Feb. 24, 1929."

Section 6763, of the Compiled Laws says:

"A mortgage of personal property must be signed by the mortgagor in the presence of two witnesses who must sign the same as witnesses thereto, or acknowledge the execution of the same before some official qualified to take acknowledgments. And every mortgagee must surrender to the mortgagor at the time of the execution of the mortgage a correct copy of the original mortgage so signed, with witnesses or acknowledgment shown thereon. And the mortgagor must surrender to the mortgagee a receipt which shall be attached to the original mortgage showing that the mortgagee has surrendered to him a copy of such mortgage, and said receipt must accompany the mortgage when presented to the register of deeds and filed therewith. Otherwise said mortgage shall not be filed as a chattel mortgage by the register of deeds."

The crucial question is the effect of failure to "surrender to the mortgagor, at the time of the execution of the mortgage a correct copy of the original mortgage so signed, with . . . acknowledgment shown thereon." On the trial the mortgagor did not testify on this point. Plaintiff's case depends upon the surrender of a correct copy

of this chattel mortgage. To prove this delivery the plaintiff produced the notary public who took the acknowledgment. This officer testified that he went to the farm of Otto Schock in Logan county and secured this chattel mortgage; and that the signature attached to the chattel mortgage known as Exhibit 2, is the signature of Otto Schock. He was examined and answered as follows:

"Q. How many times did Otto Schock sign Exhibit 2?"

"A. Two times."

"Q. And did you see Otto Schock sign the instrument?"

"A. Yes sir."

"Q. Both times?"

"A. Both times."

"Q. And you took Otto Schock's acknowledgment on Exhibit 2?"

"A. I did."

"Q. After you took Exhibit 2 then what, if anything did you do with it?"

"A. The original I filed with the Register of Deeds."

On cross examination he was examined and answered as follows:

"Q. Now where was this note signed and this mortgage . . . at Otto's place . . . Otto Schock's residence on his farm? On the farm . . . and that is in Logan county?"

"A. Yes sir."

"Q. And then Otto placed the name on both the note and mortgage in Logan county?"

"A. Yes sir."

"Q. And then when you got back home . . . to Wishek, you filled out this acknowledgment clause?"

"A. I did."

"Q. And after you filled out the acknowledgment clause over in your bank—then you put on your name and notarial seal?"

"A. I did."

"Q. And how long was that after—Otto had placed his name on the note and mortgage?"

"A. Possibly an hour or so."

"Q. Otto Schock was not in your presence, or in McIntosh county, so far as you know, at the time you put your name on this acknowledgment?"

"A. I couldn't say whether he was or wasn't."

"Q. He wasn't in your bank?"

"A. No."

"Q. He didn't ride to Wishek with you?"

"A. No."

"Q. You didn't see him around Wishek?"

"A. No."

"Q. Now was it out in the field or in the house that he—?"

"A. Out in the field."

The witness also testified that his residence was in McIntosh county; that his office as notary public was located in that county; and that at the time he took the acknowledgment he was the cashier of the mortgagee bank. This is all of the testimony dealing with the execution of the mortgage.

At the close of the plaintiff's case the defendants moved for a directed verdict upon various grounds among which are that the plaintiff "has failed to prove that they held any mortgage which was properly executed or properly witnessed or acknowledged . . . as to entitle it to be filed of record . . . and that the filing of such mortgage or record did not, nor does not, constitute notice to either of the defendant . . . that there was no true and correct duplicate thereof delivered to the mortgagor at the time he signed it . . . that the testimony of the official conclusively overcomes the receipt on the mortgage, in that the official unequivocally testified that after he placed his name on the mortgage, he in another county, when the mortgagor was not present, filled out the acknowledgment clause . . . and no proof that the copy, which the mortgagor received, contained any acknowledgment clause or any acknowledgment at all. . . ."

This motion was renewed at the close of the case and the points raised with reference to the acknowledgment of the execution of the mortgage and the surrender of a correct copy are made the basis of the motion for judgment notwithstanding the verdict or for a new trial.

The statute quoted, § 6763, makes the delivery to the mortgagor of a correct copy of the original mortgage "with the acknowledgment shown" thereon a pre-requisite to the filing of the mortgage in the office of the register of deeds. Unless this is done "said mortgage *shall not*

be filed as a chattel mortgage by the register of deeds." The knowledge or ignorance of that officer is not material. It is incumbent on the mortgagee to see the statute is complied with if he wants such a filing as constitutes notice to subsequent purchasers.

Respondent argues that the "acknowledgment itself without any other affirmative proof is prima facie evidence of the delivery of a copy of the mortgage, and the statute should be liberally construed to effect substantial justice,"—citing Foss v. Van Wagenen, 20 S. D. 39, 104 N. W. 605 and Swords v. Occident Elevator Co. 72 Mont. 189, 232 Pac. 189. However, the acknowledgment makes no reference whatever to the delivery of any copy.

The South Dakota court, in the case cited, holds this statement in the chattel mortgage over the signature of the mortgagor "at the time of the making and delivery of this mortgage a full, true, perfect and complete copy of the same was delivered to and received by me," is prima facie evidence of compliance with the statute. The Montana court holds that a receipt, practically identical with the one attached to the mortgage in issue and which preceded the acknowledgment required by statute, is sufficient proof of the receipt of a copy of a mortgage containing an acknowledgment so as to entitle the mortgage to be filed, as the acknowledgment is part of the mortgage. Both cases deal with the presumption arising from the instrument itself and the receipt signed. There is nothing in the record of either case to indicate any further evidence; but in the case at bar the record specifically contradicts this presumption, shows this presumption overthrown, and a practical impossibility that the mortgagor could have received a copy with the acknowledgment thereon. In fact plaintiff does not claim a possibility, but argues the provision is for the benefit of the mortgagor, and that subsequent purchasers cannot raise the question.

In the case of Stoffel v. Sullivan, 49 N. D. 695, 698, 193 N. W. 45, a question involving the receipt of a copy of the mortgage arose. Therein we were concerned with the validity of the alleged receipt. We held that subsequent purchasers could raise the question as the case of the plaintiff therein depended upon compliance with the statute. We said:

"It is impossible that the mortgagor could have received a copy of

the mortgage on the 13th of January, because it was not completed by appending an acknowledgment thereto until more than a month afterwards. Neither was the alternative requirement of two witnesses complied with. If, at the time he signed the mortgage containing this receipt, he received a copy thereof, it was a mortgage in form binding as between himself and the mortgagee, but not entitled to record, and therefore of no effect against third parties without actual knowledge."

The only proof that any copy was given to the mortgagor is the printed statement at the foot of the mortgage which is apparently signed by Otto Schock, the mortgagor. The notary public says he saw Otto Schock sign "two times." As the instrument shows that the name Otto Schock appears as a signature but twice, we may assume there is sufficient proof that he received a copy of some instrument. But the testimony shows conclusively that if he did receive the copy he received it at the time he signed the mortgage, and at that time there was no acknowledgment on the mortgage. The notary public himself testified the acknowledgment was not placed on the mortgage until some time after he returned to his home in another county, and the acknowledgment is entitled in a county other than the one where the mortgage was signed.

A chattel mortgage must be executed in conformity with the statutes of the state where given. Donovan v. St. Anthony & D. Elevator Co. 8 N. D. 585, 589, 46 L.R.A. 721, 73 Am. St. Rep. 779, 80 N. W. 772; Guarantee State Bank v. Moore, 63 Okla. 133, 163 Pac. 272; Kennedy Furniture Co. v. Griffin, 194 Ill. App. 530; 11 C. J. 476; 1 Cobbey, Chat. Mortg. 521. The language of our statute is mandatory. It says such a mortgage "must be signed by the mortgagor in the presence of two witnesses . . . or [he must] acknowledge the execution of the same . . . ;" the mortgagee must surrender "a correct copy" with the "acknowledgment shown thereon," and that without this it "shall not be filed." The record shows that when the mortgagor received what is called a "copy" no valid mortgage had been executed for it was neither signed by witnesses nor its execution acknowledged; and the mortgagee did not surrender a correct copy with the acknowledgment shown thereon.

We are not determining whether the mortgage as executed, or any

defect in the copy delivered, prevents the instrument from being considered a chattel mortgage as between the parties themselves. We hold that the failure to follow the mandatory directions of the statute requiring the delivery of a correct copy of the mortgage with the acknowledgment shown thereon prevents the mortgage from being filed as a chattel mortgage, independent of any knowledge which the register of deeds could have; and not being entitled to be filed, its filing is not notice to subsequent purchasers.

It is possible the notary public gave the mortgagor a copy with the "acknowledgment shown thereon" and then later wrote out the acknowledgment on the back of the original; or that he afterwards made out another and complete copy and gave it to the mortgagor. The expression "at the time of the execution of the mortgage" is broad enough to allow time for the clerical work of the notary who may not have had his seal with him. There is no testimony that either of these possibilities exists. Nevertheless, because of them we do not order judgment notwithstanding the verdict, but send the case back for a new trial. The order denying a new trial is reversed, and a new trial ordered.

BURKE, Ch. J., and NUESSLE, BIRDZELL and CHRISTIANSON, JJ., concur.