[File No. 5942.]

L. R. BAIRD, as Receiver of Regan State Bank, Regan, North Dakota, Respondent, v. WILTON ELEVATOR COMPANY, a Corporation, Appellant.

(237 N. W. 695.)

Opinion filed July 6, 1931.

*Williams & Lindell,* for appellant.

*Zuger & Tillotson,* for respondent.

CHRISTIANSON, Ch. J. Plaintiff brought this action to recover damages for the alleged conversion of certain grain. The plaintiff bases its right of action upon a certain chattel mortgage given by Martin Strand, the owner of the grain, to Regan State Bank. After the mortgage was given the bank became insolvent and the plaintiff is the duly appointed and acting receiver thereof and brought this action in that capacity. The case was submitted to the court upon a stipulated state-

ment of facts. Judgment was ordered and entered in favor of the plaintiff and the defendant appeals.

The case presents but one question for determination: Was there attached to the original chattel mortgage on file in the office of the register of deeds, a receipt showing that the mortgagee had surrendered to the mortgagor a copy of the mortgage as required by § 6763, Comp. Laws 1913 so as to entitle the mortgage to be filed in the office of the register of deeds?

Section 6763, Comp. Laws 1913, provides:

"A mortgage of personal property must be signed by the mortgagor in the presence of two witnesses who must sign the same as witnesses thereto, or acknowledge the execution of the same before some official qualified to take acknowledgments. And every mortgagee must surrender to the mortgagor at the time of the execution of the mortgage a correct copy of the original mortgage so signed, with witnesses or acknowledgment shown thereon. And the mortgagor must surrender to the mortgagee a receipt which shall be attached to the original mortgage showing that the mortgagee has surrendered to him a copy of such mortgage, and said receipt must accompany the mortgage when presented to the register of deeds and filed therewith. Otherwise said mortgage shall not be filed as a chattel mortgage by the register of deeds."

The purpose and effect of this statute has been considered by this court in the following cases: Stoffel v. Sullivan, 49 N. D. 695, 193 N. W. 45; Security State Bank v. Burnstad Farmers' Elevator Co. 60 N. D. 43, 232 N. W. 295; Lakota Mercantile Co. v. Balsley, 60 N. D. 768, 236 N. W. 631.

Facing page 168 is a reproduction of a photostatic copy of the chattel mortgage.

In our opinion, the only reasonable interpretation that can be placed upon the signature of the mortgagor last affixed to the instrument is that it was intended by him to be affixed to the receipt for a copy of the mortgage; and it is stipulated in this case that the mortgagor would testify that such was his intention, and it is admitted that a copy of the chattel mortgage was delivered to the mortgagor.

The facts in this case are quite different from those in Stoffel v.

Sullivan, 49 N. D. 695, 193 N. W. 45, supra. In that case there was embodied in the body of the mortgage a paragraph to the effect that the mortgagor acknowledged receipt of a copy of the mortgage from the mortgagee. The signature of the mortgagor in that case was appended to the instrument only once. The scheme there adopted was one whereby the mortgagor, by merely signing the mortgage, would also acknowledge receipt of a copy thereof, and we construed the law as requiring a separate and distinct act showing the receipt. Here there is attached to the mortgage a receipt for copy thereof, and the mortgagor, after signing the mortgage, also, signed his name in a place where it could not possibly have been intended for any purpose other than as a signature to such receipt.

We are all agreed that the instrument in this case shows a substantial compliance with the statute and that the chattel mortgage was entitled to be filed; and having been so filed, constituted constructive notice to subsequent purchasers or encumbrancers.

Judgment affirmed.

BURR, NUESSLE, BIRDZELL, and BURKE, JJ., concur.