MARGARET SHERIDAN and Nell S. Hopkins, Respondents, v. L. J. McCORMICK, Luina M. McCormick, and W. A. Overing, Appellants.

(8 A.L.R. 523, 168 N. W. 59.)

Creditors — debtor's property — fraudulent intent and schemes — to screen property from creditors — consideration not test — intent controls.

1. The law will treat as null and void as to creditors all fraudulent contrivances to screen the property of a debtor from his creditors. It is not the consideration but the intent with which a conveyance is made that makes it good or bad as against creditors. However valuable the consideration, if the conveyance be designed to delay, hinder, or defeat creditors, it is void.

Conveyance of real estate — grantor's intent to hinder, delay or defraud creditors — grantee not creditor — knowledge of grantor's intent — conveyance void as to creditors — though full consideration paid.

2. Where a conveyance of real estate is made by a grantor, with intent to hinder, delay, or defraud creditors, and the grantee not being a creditor of the grantor has knowledge of such fact, the consummation of the transfer is such

39 N. D.—41.

a participation in fraud by the grantee as will invalidate the transfer as to such creditors, even where full consideration is paid.

**Execution — fraudulent conveyance — action to remove — judgment on which execution issues — presumed correct — no appeal taken — parties precluded from disputing claim — all defenses included and foreclosed.**

3. No defense can be interposed in an action to remove a fraudulent conveyance from the path of an execution on the ground that the claim on which the judgment was entered and on which the execution was issued, was invalid or inequitable. The matter is precluded by the prior judgment, and when no appeal was taken it must be assumed that all of the defenses, both legal and equitable, which the defendants had or deemed themselves entitled to, were interposed on the former trial.

**Conveyance of real estate — to defraud creditors — grantee having knowledge thereof — prior encumbrances on land conveyed — agreement by grantee to pay — payment by grantee — has no claim on property as security — as against the creditors.**

4. Where at the time of the conveyance of real estate made and received for the purpose of defrauding the creditors of the grantors, the grantee as a part of the same transaction, and with knowledge of the fraud, agrees with the grantors to pay certain existing valid encumbrances upon the real estate so fraudulently conveyed, and subsequently and in pursuance of such an agreement pays such encumbrances, he cannot, when such conveyances are declared fraudulent and void as against the creditors of the grantors, hold such conveyances as security for the amounts so paid.

Opinion filed May 15, 1918.   Rehearing denied June 1, 1918.

Action to set aside a fraudulent conveyance.

Appeal from the District Court of Renville County, Honorable *K. E. Leighton,* Judge.

Judgment for plaintiffs. · Defendants appeal.

Affirmed.

*Ryerson & Rodsater,* for appellants.

"In all cases arising under § 5599 or under the provisions of this chapter, the question of the fraudulent intent is one of fact, and not of law; nor can any transfer or charge be adjudged fraudulent solely on the ground that it was not made for a valuable consideration." Comp. Laws 1913, §§ 5052, 5055, 7223; Stevens v. Meyers, 14 N. D. 398, 104 N. W. 529; Merchants' Nat. Bank v. Collard, 23 N. D. 556.

"Fraud which would operate to avoid the transfer must have existed at the time of and as a part of such transfer."

The proof must be clean and convincing. Reitsch v. McCarthy, 34 N. D. 555, 160 N. W. 694; Doxsee v. Waddick, 122 Iowa, 599, 98 N. W. 483; Smyth v. Hall, 126 Iowa, 627, 102 N. W. 520.

Where the grantee had no notice or knowledge of the grantor's fraudulent intent, and no notice of facts calculated to put him upon his guard or to impute to him notice of such intent, and where he paid full consideration for the transfer, the same will not be set aside as fraudulent as to creditors. 20 Cyc. 465; Woodruff v. Bowles, 104 N. C. 197; Jones v. Simpson, 116 U. S. 609, 29 L. ed. 742; Catchings v. Harcrow, 49 Ark. 20; Tuteur v. Chase, 66 Miss. 476, 2 L.R.A. 832; Lyons v. Leahy, 15 Or. 8; Redhead v. Pratt, 72 Iowa, 99; Benson v. Maxwell, 21 W. N. C. 446; Fluegel v. Henschel, 7 N. D. 276.

The fact that vendor and vendee are relatives—brothers-in-law—raises no presumption of fraud.

The vendee must actively participate in the vendor's fraud, or conditions must be such as to raise the presumption of knowledge on his part. Guidry v. Grivot, 2 Mart. N. S. 13, 14 Am. Dec. 193; 31 L.R.A. 613, 36 L.R.A. 335.

*J. E. Bryans* and *E. R. Sinkler,* for respondents.

"If defendant has personal property and so conceals or places it out of the way, and the officer cannot find it, if the defendant wishes to save his real estate, it is his duty to turn over and expose such property before the sale of the real estate." First Nat. Bank v. Black Hills Fair Asso. 48 N. W. 852; Forber v. Waller, 25 N. Y. 430.

The sheriff's return was correct as amended, and the sheriff not only has the right, but it is his duty, to amend his return to correspond with the facts, where the rights of third parties have not intervened. 17 Cyc. 1373; Post v. Renneer, 151 N. W. 763.

In actions of this character it is not necessary that execution be returned unsatisfied. Salemson v. Thompson, 13 N. D. 182; Paulson v. Ward, 11 N. D. 100; Newman v. Willetts, 52 Ill. 98; Zall v. Soper, 75 Mo. 460; Poshly v. Mandigo, 42 Mich. 172; Foley v. Doyle, 95 N. W. 1067; 11 N. H. 311, 43 N. W. 169; Spooner v. Traders Ins. Co. 76 Minn. 311; Henderson v. Farley Nat. Bank, 123 Ala. 547, 82 Am.

St. Rep. 140; Allis v. Newman. 50 N. W. 1058; 12 R. C. L. p. 622, §§ 130 to 134.

The attachment here created a valid lien on the property attached, and is superior to the pretended transfer. 13 N. D. 182; 12 R. C. L. §§ 133 and 125, p. 625; Paulson v. Ward, 4 N. D. 100.

"Every transfer of property or charge thereon made, every allegation incurred, and every judicial proceeding taken with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor and their successors in interest, and against any persons upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor." Comp. Laws 1913, § 7220; Paulson & Co. v. Ward, 4 N. D. 100; 14 Am. St. Rep. 747 note; Fahey v. Fahey, 127 Am. St. Rep. 118; Nelson v. Leiter, 190 Ill. 414, 60 N. E. 851; Hanson v. Bean, 51 Minn. 546; 12 R. C. L. §§ 44, 64, pp. 67, 547; 3 C. J. p. 681; Tyler v. Shea, 4 N. D. 377.

The grantee is not entitled to any protection or to any relief here. His participation in the fraud is clear and well defined. 12 R. C. L. § 65, p. 539; 14 Am. St. Rep. 577; 34 Am. St. Rep. 399.

Suspicion arises where the transaction is between relatives, and courts will scrutinize the same more closely. Fugel v. Henshall, 7 N. D. 276.

The fact that the fraudulent grantor has other property is of no moment. 123 Cal. 360, 69 Am. St. Rep. 64; Hagerman v. Buchanan, 14 Am. St. Rep. 732; 119 Am. St. Rep. 556.

BRUCE, Ch. J. This action comes before us for a trial *de novo*, and is brought to set aside a fraudulent conveyance. On the 3d day of May the plaintiffs recovered a judgment against the McCormicks for the sum of $1,140.25.

The indebtedness on which the judgment was founded grew out of the sale of an abstract business by the plaintiffs to the defendants, on September 8, 1911, for $4,100, payable in monthly instalments of $50, and the action was brought on the instalments then due and unpaid.

The transfer which is sought to be set aside was made by the McCormicks to the defendant W. A. Overing, the father of Mrs. McCormick, on the 10th day of April, 1914, and on the day of the commence-

ment of the action on which the judgment was obtained. The trial court found the issues for the plaintiffs, and "that the said deeds were executed and the land transferred wholly and voluntarily without consideration, and with the sole intent to hinder, delay, and defraud the plaintiffs in the collection of their claim, and to hinder, delay, and defraud all of their creditors, and that the said W. A. Overing, defendant, accepted and received such debts and the transfer of such land, with full knowledge of all of such fraudulent intent, and with the full and sole intent on his part to assist the said L. J. McCormick and Luina McCormick in their fraudulent purpose."

After a full argument and a thorough examination of the record, we are constrained to affirm this finding, and nothing would be gained by relating the testimony at length. The matter, indeed, is one largely of probability, and of the credibility of the witnesses, and on the latter point the trial judge had the opportunity of personal observation, which is not presented to us.

There can be no question that there was in the minds of the defendants the desire to prevent the plaintiffs from collecting their claim, and, as far as the consideration for the deeds is concerned, all that is presented is a claim for money alleged to have been advanced by the defendant Overing to the daughter some fourteen years before and before her marriage, but which not only was long since outlawed, if, in fact, it ever existed, but on and for which, according to her own statements, no interest had ever been paid, no note given, and no payment even demanded, and the only evidence of which was a memorandum contained in a note book owned by the defendant Luina McCormick. It is true that the defendant Overing paid the past-due taxes and the interest on a prior mortgage just prior to the transfer, but the evidence clearly shows that he did this because he was led to believe that the deeds could not be recorded without these payments. The case, indeed, in our minds, is not one where a debtor has honestly preferred a creditor, but one which clearly comes within the general condemnation of the authorities, which seem to hold that the law will treat "as null and void all fraudulent contrivances to screen . . . [the property of a debtor] from the pursuit of his creditors. It is fraudulent to defeat them by reservations of benefits to himself; it is equally fraudulent to

defeat them by benefactions conferred upon others. It is not the consideration but the intent with which a conveyance is made that makes it good or bad as against creditors. However valuable the consideration, if the conveyance be designed to delay, hinder, or defeat creditors, it is void." Note to Hagerman v. Buchanan, 14 Am. St. Rep. 732; Daisy Roller Mills v. Ward, 6 N. D. 317, 70 N. W. 271; Fluegel v. Henschel, 7 N. D. 276, 66 Am. St. Rep. 642, 74 N. W. 996; Paulson v. Ward, 4 N. D. 100, 58 N. W. 792.

The case also clearly comes within the provisions of § 7220 of the Compiled Laws of 1913, which provides that "every transfer of property or charge thereon made, every obligation incurred, and every judicial proceeding taken with intent to delay or defraud any creditor or other person of his demands is void against all creditors of the debtor and their successors in interest and against any persons upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor."

There is, too, no doubt of the knowledge of the grantee Overing, of the fraudulent intent, nor of the applicability of the rule of law announced by us in the case of Fluegel v. Henschel, 7 N. D. 276, 66 Am. St. Rep. 642, 74 N. W. 996, and wherein we said: "Where a conveyance of real estate is made by a grantor, with intent to hinder, delay, and defraud creditors, and the grantee, not being a creditor of the grantor, has knowledge of such fact, the consummation of the transfer is such a participation in the fraud by the grantee as will invalidate the transfer, even where full consideration is paid."

There is, of course, no merit in the contention that the abstract business was not worth what the defendants agreed to pay for it, and that therefore, the plaintiffs do not come into a court of equity with clean hands. The matter is precluded by the judgment on which the execution is issued. We must asume that in that case the defendants interposed all of the defenses, both legal and equitable, which they had, or deemed themselves entitled to; and no appeal was taken from that judgment.

Nor do we believe that the defendant Overing is entitled to a lien for the taxes and interest paid by him.

Our conclusion from the record is that he knew of and was a party to

the fraud which was sought to be consummated, and it is well established that "where at the time of the execution of the conveyances of real estate made and received for the purpose of defrauding the creditors of the grantors, the grantee, as a part of the same transaction, agrees with the grantors to pay off certain existing valid encumbrances upon the real estate so fraudulently conveyed, and subsequently, and in pursuance of such agreement, the grantee pays such encumbrances, he cannot, when such conveyances are declared fraudulent and void as against the creditors of the grantors, hold such conveyances as security for the amounts so paid." Daisy Roller Mills v. Ward, supra.

The judgment of the District Court, however, goes too far, as it holds that the conveyance is void as between the McCormicks and Overing. As far as this action is concerned it is void only as to the lien of the plaintiff's judgment and attachment. It is modified to this extent and as so modified it is affirmed.

GRACE, J., being disqualified, the Honorable FRANK FISK, Judge of the Eleventh Judicial District, sat in his place.

ROBINSON, J. (dissenting). The purpose of this suit is to subject the half section of land in Renville county to the lien of the plaintiffs' judgment, which is $1,140.25. In an action by the plaintiffs against the McCormick defendants on May 18, 1914, the plaintiffs caused a writ of attachment to be issued and levied on the lands in question. On May 13, 1915, a judgment in said action was obtained and docketed, and an execution was issued against the defendants, and the next day it was returned unsatisfied. Pending said action the McCormicks conveyed to W. A. Overing, father of Mrs. Luina M. McCormick, the southeast quarter of 27–161–84, and the east half of west half of the same section. The deeds were made and recorded April 10, 1914. The first tract was owned by L. J. McCormick and the second by his wife. Both tracts were worth about $10,000 and were subject to mortgages amounting to over $7,000. At and prior to the transfer the past-due interest on the mortgages and the taxes amounted to $840, and the McCormicks were unable to pay the same. The mortgagees

were pressing them and insisting on immediate payment and threatening a foreclosure.

Under such pressure the daughter naturally requested her father, whose note was good at the bank, to loan them money to pay the interest and taxes. Having previously advanced the daughter several sums which, with interest, amounted to about $2,000, and which was then outlawed, the father refused to loan the money, and the land was conveyed to him for the amount due on the same and the money which he had loaned his daughter. Thus the McCormicks counted on paying their debts and shifting the burden onto the old man. However, it is quite clear the deeds were made not only because of immediate pressure and to prevent a ruinous foreclosure, but also to hinder and delay the plaintiffs, whose attorney was pressing them for a mortgage on the land. Defendant Overing knew, or should have known, of such intent.

However, under the statute the transfer should be held void only in so far as it might prevent the plaintiffs from collecting the judgment by the sale of the land; and though the general rule is that a fraudulent grantee of land cannot hold the same as security for the payment of prior liens and taxes, yet there are reasons why that rule should not govern this case. Defendant Overing may well be considered a ward of the court. He was an old man in poor health, and his mind was sadly impaired, and his payment of the interest and taxes was no damage to any party. The chances are that in buying the land his motive was to prevent a foreclosure and to get something for the money advanced to his daughter.

However it may be, it is quite certain the equity of Overing compares well with those of the plaintiffs. Their judgment was obtained on a deal which was rather sharp and unconscionable. It was given on notes for an abstract outfit sold to the McCormicks for $4,100, and taken back on a chattel mortgage and sold to the plaintiff for $500. The courts might well refuse to aid in the collection of such a judgment or any judgment not based on a fair and honest consideration. Thus in suits for specific performance a court refuses to aid an unconscionable deal when the deeds were made as part of the consideration for the same. Overing paid the taxes and the past-due interest on the

mortgages, amounting to $840, and since then he has paid a considerable amount of taxes and interest as the same became due, and for all such payments Overing has an equity superior to the plaintiffs, and he should have and retain full title to the land unless reimbursed for such payments.

It is clear the judgment in this case must be reversed for the reason it goes too far. It declares the deed to Overing to be null and void, whereas in any event such deeds may be adjudged void only so far as they hinder the collection of plaintiffs' judgment. *It is only to the extent of the judgment. that the plaintiffs may question the right of the McCormicks to give away their land.*

As the record does not clearly show the several amounts paid by Overing for taxes and interest, on return of the remittitur, the district court should forthwith take such additional testimony as may be necessary to ascertain such payments and the amount of the same, with interest, and then to give judgment to the effect that for such amount Overing's claim of title to the land is and shall be superior to the plaintiffs' judgment, and that within thirty days the plaintiffs may repay the amount of such taxes and interest, and for the same that they be subrogated to a lien on the land, and that on such payment by the plaintiffs that the deeds to Overing be adjudged void in so far as they hinder the collection of the plaintiffs' said judgment.

FISK, District Judge (dissenting). I agree with the conclusion reached by Judge Robinson, but not in all that he says in his opinion.

There is little doubt but that the transfer of the land was fraudulent and made for the purpose of hindering, delaying, and defeating, if possible, the collection of the plaintiffs' judgment. I do not believe, however, that the defendant Overing was such an active participant in the scheme as to say that he should be punished by giving the plaintiffs' judgment priority over the amount Overing paid in taxes and interest, which were prior liens. Overing was an old man, and I believe he was used by his daughter and son-in-law to further their fraudulent scheme without any particular knowledge on his part of everything that was going on. Under such circumstances I do not believe the rules of law as announced by the majority opinion apply.

I am in full accord with all of the rules therein announced, but I believe the rule that "where the fraud is constructive only, the grantee comes into court with comparatively clean hands, and the courts treat him with leniency. In such cases the fraudulent conveyance has been allowed to stand as security for the purchase price, or for the amount of prior liens or debts of the grantor paid by the grantee, or for taxes paid." Daisy Roller Mills v. Ward, 6 N. D. 324, 70 N. W. 271, comes nearer fitting the facts in this case than the rules announced in the majority opinion.