CHRIST MOEN and STEPHEN FAUST, Respondents, v. KILZER LUMBER COMPANY, Appellant.

(184 N. W. 989.)

**Chattel mortgages — creditor, attaching engine prior to filing of purchase-money mortgage held not subsequent creditor in good faith.**

For the conversion of a Case engine plaintiffs bring this action and recover a judgment for $400. and costs. The plaintiffs claim under a chattel mortgage. Defendant claims under an attachment which was levied prior to the filing of the mortgage. The attachment was for a debt which existed prior to the execution of the mortgage. Hence the lumber company is not a subsequent creditor in good faith and its claim does not take precedence over the mortgage. Judgment affirmed.

Opinion filed October 19, 1921.

Appeal from the District Court of Dunn county, *Berry*, J.

Affirmed.

*T. F. Murtha* and *H. L. Malloy,* for appellants.

It is plain that the mortgage should not have been received for record by the Register of Deeds of Dunn county. The recording of said mortgage did not constitute constructive notice of defendants. Pease v. Magill, 17 N. D. 166. (cit. 167).

"Defendant's chattel mortgage was not properly witnessed or acknowledged so as to entitle it to be filed; and hence the filing of the same did

not operate to give constructive notice thereof." Banbury v. Sherin, (S. D.) 55 N. W. 723; 23 C. J. 765.

"Under chap. 5594, Comp. Laws 1913, an unrecorded deed is void as against a judgment lawfully obtained against the person in whose name the title to real property appears of record. And the certificate of sale issued to a purchaser upon a sale legally held under an execution issued upon such judgment is valid as against an unrecorded deed, of which the judgment creditor and purchaser had no notice." McCoy et al. v. Davis et al., 38 N. D. 328.

*Thorstein Hyland,* for respondents.

As the appellant did not move for a new trial in the court below, the same is not subject to review by the Supreme Court. Morris v. Mpls. & St. Paul Railway Co. (N. D.) 155 N. W. 861.

Defendant did not renew his motion for a directed verdict at the close of the case, which is necessary in order to raise the questions in the Supreme Court. Kennedy v. State Bank 22 N. D. 69; Wood v. Campbell 28 S. D. 197; 132 N. W. 785.

The Statute also provides how you may serve Summons. § 7427 Revised Code.

The return must show clearly the manner in which service was made. 22 Cyc. 503 and the cases cited.

A statement in return that the copy was served is insufficient. Graves v. Robertson, 22 Texas 130.

There is sound reason why the mode of serving summons must be distinctly stated. Weaver v. Springer, 2 Miles (Pa.) 42; Harris v. Sargeant (Oregon) 60 Pac. 608.

There is nothing in the records to show that service was made by a competent person. He may have been a minor and service cannot be made by minors. § 7427 Revised Code.

Even if statute is silent service cannot be made by minors. Gilson v. Kuenert, (S. D.) 89 N. W. 472.

ROBINSON, J. This is an appeal from a judgment of $400 and costs against the defendant for the conversion of a J. I. Case engine. In May, 1919, at Beulah, the plaintiff sold the Case engine to Sam Crosby, and for the purchase price Crosby made to them a promissory note and a mortgage on the engine for $700. The mortgage was duly executed,

and on December 8, 1919, it was filed in the office of the proper register of deeds. In November, 1919, and before the filing of the mortgage, defendant commenced, or attempted to commence, an action against the mortgagor, obtained an attachment, and levied the same on the engine. Then he obtained a judgment and an execution under which the engine was offered for sale and sold to the defendant. In this action the judgment and the execution was justly held void for the reason that the proof failed to show any service of the summons; but if the judgment and the execution were valid that would be of no avail to the lumber company, because it is not in position to assert any rights as a subsequent bona fide purchaser or a subsequent creditor. Its action against the mortgagor is based on two promissory notes made on December 3, 1918. Hence it cannot be either a subsequent bona fide purchaser or a subsequent creditor, and the filing of the mortgage is of no consequence. This case is ruled and governed by a well-considered decision of this court which is directly in point. Union National Bank v. Ouim, 3 N. D. 208-211, 54 N. W. 1034, 44 Am. St. Rep. 533. The reason is that a subsequent creditor parts with his property on the apparent responsibility of his debtor by reason of property then owned and possessed by him. When the lumber company trusted Crosby to the amount of $400, the presumption is they knew of his circumstances and knew he had the means to buy and pay for the Case engine. That was notice sufficient to put them on their guard. They knew that if he bought such an engine or any property of like value it would be subject to a mortgage or a lien for the purchase money. Good faith consists in an honest intention to refrain from taking an unconscionable advantage of another, even through the forms and technicalities of the law.

Judgment affirmed.

GRACE, C. J., and CHRISTIANSON and BIRDZELL, JJ., concur.

BRONSON, J. (specially concurring). I concur in an affirmance upon the ground that upon the record, the lien of the chattel mortgage was prior to that of the attachment proceedings. Union Nat. Bank v. Oium, 3 N. D. 193, 54 N. W. 1034, 44 Am. St. Rep. 533; Petrie v. Wyman, 35 N. D. 126, 144, 159 N. W. 616.