BRONSON, Ch. J., and BIRDZELL, JOHNSON, CHRISTIANSON, and NUESSLE, JJ., concur.

---

JOHN W. CARR, Respondent, v. HERMAN NURNBERG and Max Klein, Appellants.

B. F. FELTON, Respondent, v. HERMAN NURNBERG and Max Klein, Appellants.

(196 N. W. 101.)

**Fraudulent conveyances — evidence held to show conveyance of real estate to hinder judgment creditors.**

In actions brought to set aside, as against the plaintiffs, a conveyance of certain real property from the defendant N. to the defendant K., and to subject the property to sale for the satisfaction of the judgments in favor of the plaintiffs, the evidence is examined and it is held to show that the conveyance was made for the purpose of hindering and delaying the plaintiffs in the collection of their judgments.

Opinion filed November 3, 1923.

Fraudulent Conveyances, 27 C. J. § 770 p. 821 n. 39.

Appeal from the District Court of Stutsman County, *Englert*, J. Affirmed.

*Scott Cameron*, for appellants.

*John W. Carr*, for respondents.

BIRDZELL, J. The plaintiffs in the above actions are each judgment creditors of the defendant Herman Nurnberg, and the actions are

brought for the purpose of annulling, as to plaintiffs, a conveyance of certain real estate by Nurnberg to the other defendant Klein and to subject it to sale for the satisfaction of the judgments. The actions were tried together and separate judgments were rendered in favor of the plaintiffs, respectively. From each judgment the defendant Max Klein has appealed and the cases are here for trial de novo. One opinion will suffice for both cases.

The plaintiff Carr, in his action against Nurnberg, obtained a judgment for $530.44 which was entered on the verdict of a jury, which verdict was rendered in the county court of Stutsman county on the 22nd of November, 1921. The judgment was later transcripted to the district court. The deed conveying the lots in question in this proceeding was dated the 19th of November, 1921 and was filed for record immediately after the return of the verdict against Nurnberg in the county court. The judgment in favor of Felton was a judgment for $920.24 which was docketed in the district court of Stutsman County on the 7th day of December, 1921. Both actions were pending against Nurnberg before the conveyance in question. The defendant and appellant Klein resides in Brooklyn, New York, and is a brother-in-law of Nurnberg. On the trial of the action, Nurnberg testified that he was somewhat heavily indebted to his brother-in-law, Klein, on account of money that he had borrowed of him from time to time extending over a period of years but of which he had kept no record. Klein also testified by deposition to the effect that he had loaned Nurnberg considerable money and that the latter at the time of the conveyance of the lots in question was owing him $12,000; that all of his loans had been made to Nurnberg at his own house in Brooklyn, New York, in currency; that he never had had any correspondence concerning the indebtedness but that he had agreed to buy the lots in question for $3,000 and give Nurnberg credit on the indebtedness for the purchase price. At about the time or immediately after the transfer of the lots in question, it appears that Nurnberg likewise assigned to his brother-in-law Klein some mortgage securities amounting to over $8,000; also a sheriff's certificate for $7,000 and a deficiency judgment of doubtful value for approximately $5,000. He likewise, by a bill of sale to another party, attempted to make a fraudulent disposition of a hide and fur business which he was conducting in Jamestown. Upon this appeal the

appellant Klein contends that the evidence is not sufficient to support a finding that he, as grantee, took the property with notice or knowledge of any fraudulent intent on the part of the grantor; that the record affirmatively shows by uncontradicted evidence that he was a large creditor of the defendant Nurnberg and that at most he has received a preference which cannot in equity be disturbed. We are of the opinion that the record does not support these contentions on the part of the appellant. It is evident from the findings that the trial court did not credit the testimony of Nurnberg with regard to his transactions with his brother-in-law, and it is equally apparent that the court did not credit the deposition of Klein, the appellant. In the state of the record it is difficult to see how the stories can be credited. They are consistent in one respect only and that is in their unreasonableness. Where one would expect to find consistency, if the stories told are in fact true, one finds contradiction instead. For instance, Klein states specifically that he gave Nurnberg $3,000 in his (Klein's) home in Brooklyn in January, 1921, whereas, Nurnberg, while answering most questions calling for definite information to the effect that he did not remember, testified positively that he was in Jamestown in January, 1921 up until the time he left for California and that he was in California continuously until April when he returned to Jamestown. It further appears that up to the time Klein's deposition was taken after the commencement of this action, he did not know that the mortgages had been assigned to him. In the light of the record, we think there is ample evidence to support a finding that Klein was knowingly participating in the wrongful acts of Nurnberg in hindering his creditors in the collection of their debts.

It is argued that this case is parallel to that of First Nat. Bank v. Mensing, 46 N. D. 184, 180 N. W. 58. The two cases are so dissimilar in their facts that we can see no strong analogy between them. In the Mensing case there was an abundance of evidence, which was both reasonable and consistent, to support the contention that the property sought to be subjected to the claims of creditors was in reality purchased with the earnings of those in whose names the titles stood, and we hold that the effect of this evidence was not overcome by the mere proof of the relationship of parent and child existing between the parties to a transfer; that such relationship creates no presumption of

fraud and neither does it warrant a judgment based upon suspicion; that, at most, it calls for a closer scrutiny of the transaction than would be the case between strangers.    The evidence in this record can, we believe, leave but one impression in a reasonable mind and that is that the indebtedness between Nurnberg and Klein did not exist and that Klein, in receiving the conveyance of the property in question, did so merely to shield his brother-in-law from his creditors.

The judgments appealed from are affirmed.

BRONSON, Ch. J., and NUESSLE, CHRISTIANSON, and JOHNSON, JJ., concur.