LAKOTA MERCANTILE COMPANY, a Corporation, Respondent, v. C. P. BALSLEY et al.

Consolidated with

GOLDAMMER-CRANNA-WEAVER COMPANY, a Corporation, v. C. P. BALSLEY, et al.

GOLDAMMER-CRANNA-WEAVER COMPANY, Appellant.

(236 N. W. 631.)

Opinion filed May 19, 1931.

*W. A. Burke* and *Traynor & Traynor,* for appellant.

*R. J. Roberts* and *Bangs, Hamilton & Bangs,* for respondent.

BURR, J. The Lakota Mercantile Company commenced this action against C. P. Balsley to foreclose two chattel mortgages given to it by Balsley and made the Goldammer-Cranna-Weaver Company a co-defendant.

The Goldammer Corporation commenced an action against the same Balsley and another to determine title to property formerly belonging to Balsley which it had purchased on execution sale and made the Lakota Mercantile Company a codefendant, alleging that this Mercantile Company claimed to have a mortgage upon the property and asked the court to determine the validity of this mortgage. Each plaintiff answered in the other's case setting forth as a defense the same facts which it had alleged in its complaint.

The controversy therefore is between the Mercantile Company and the Goldammer Corporation as to the relative rights of the parties in property formerly owned by C. P. Balsley. The cases were consolidated and the court made findings of fact and conclusions of law

favorable to the Mercantile Company. Judgment was entered accordingly and the Goldhammer Corporation appealed demanding a trial de novo.

Appellant states the issues as follows:

"1. Is an instrument, in form of a chattel mortgage but not having attached thereto a mortgagor's receipt for copy, of any effect as against a creditor who has, without notice or knowledge thereof, levied upon the chattels under execution on a judgment against the mortgagor based upon an indebtedness incurred prior to the signing of the unreceipted chattel mortgage?

"2. The Mercantile Company holds a mortgage on the chattels and a mortgage on crops. The Goldammer Company levies upon the chattels. The Mercantile Company claims to have made advances to the mortgagor during the farming season, while the crops were being produced and cared for, but admits it had no provision in its mortgage for advancements and had no writing of any kind for advancements or lien on the crop therefor and it did not represent or act for the landlord of the mortgagor.

"Can the Mercantile Company use proceeds of the crop to cover the alleged advances to the prejudice of the Goldammer Company instead of applying such proceeds on the Mercantile Company mortgage?

"3. As between the Mercantile Company and the Goldammer Company what is the amount of the Mercantile Company prior lien on the chattels?"

This is correct, except some minor disputes, as to credits.

April 21, 1928, Balsley gave the Mercantile Company a note for $2,691.84 secured by a chattel mortgage upon chattels involved in this case. In March 1929 he gave a note renewing the note of April 21, 1928, and secured this by a crop mortgage on the 1929 crop. October 10, 1929, he gave a renewal note in the sum of $4,490.60 and secured it by another chattel mortgage on the same chattels. This is the chattel mortgage involved in the case.

It appears that in executing the mortgage he signed the same in two places, intending to acknowledge the receipt of a copy, but did not sign in the place left for his signature in the receipt. However the Register of Deeds filed the mortgage.

On October 22, 1929, the Goldammer Company obtained judgment against Balsley and his brother for $672.29. Two days later execution was issued and levy made upon these chattels involved in this action. The sale was had on the 23rd day of December, 1929, and the property was purchased by the Goldammer Company. It is clear therefore the Goldammer Company is the owner of the property subject to whatever rights the Mercantile Company has therein.

Appellant says that the chattel mortgage held by the Mercantile Company "is a nullity and invalid so far as the Goldammer Corporation is concerned." This case differs somewhat from Stoffel v. Sullivan, 49 N. D. 695, 193 N. W. 45, where the body of the instrument itself contained an acknowledgment of the receipt of copy and from Security State Bank v. Burnstad Farmers' Elevator Co. ante, 43, 232 N. W. 295; wherein the receipt for the copy was duly signed but the acknowledgment of the instrument was not taken at the time the copy was delivered. In the instant case the mortgage was duly signed and witnessed; the mortgagor received his copy, and, intending to sign the receipt, signed at a place other than the place left for signature to the receipt. After the place for signature to the mortgage there is a statement acknowledging receipt of a copy of the mortgage with place for the signature of the mortgagor. No signature is there; but the record is clear that the second of the two signatures was intended as the signature for the receipt of the copy. Appellant claims failure to sign the receipt at the proper place was such an omission as prevented the filing of the mortgage, and therefore the subsequent filing was not constructive notice even if filed with the register of deeds. However we need not pass upon this point in the instant case. Even if the mortgage was not entitled to be filed it was still a good mortgage as between the Mercantile Company and Balsley. As said in Stoffel v. Sullivan, supra: "If at the time of signing the mortgage containing this receipt, he received a copy thereof, it was a mortgage in form binding as between himself and the mortgagee." In the instant case the mortgagor did receive a copy. Thus the mortgage is not void. If the respondent's contention that the Goldammer Corporation was not such a creditor as to be entitled to notice—be correct, then failure to file the mortgage is immaterial.

The Goldammer Corporation was an unsecured creditor of Balsley

having a past due indebtedness at the time the mortgage was taken. After the execution of this chattel mortgage, it put this indebtedness into judgment and levied upon the property involved. In Union Nat. Bank v. Oium, 3 N. D. 193, 44 Am. St. Rep. 533, 54 N. W. 1034 this court held "where a creditor attaches personal property covered by a mortgage, between the execution and delivery of the mortgage and the filing thereof, his lien is not superior to that of the mortgagee, under the statute . . . declaring such mortgage void as to creditors unless filed, where the debt for which he attaches existed before the giving of the mortgage, and the creditor has not altered his position to his detriment when the mortgage was given and before the filing thereof." This statement of the law is applicable to the situation at bar. The mortgage to the Mercantile Company was duly executed and delivered and even if not entitled to be filed, as appellant claims, yet it is superior to the claim of the appellant because the appellant levied on this property after the execution and delivery of the mortgage, and before it was filed. Appellant is a creditor with a debt which existed before the giving of the mortgage, and did not alter its position to its detriment since the mortgage was given. This rule has been followed by the court from time to time in numerous decisions. In Petrie v. Wyman, 35 N. D. 126, 159 N. W. 616, we called attention to the fact that the legislature has met on numerous occasions since the statute was construed and this decision rendered, and no attempt has been made to change the statute. The legislature therefore has concurred in its construction. In Moen v. Kilzer Lumber Co. 48 N. D. 420, 184 N. W. 989, the same holding was made and as late as Hanson v. Blum, 53 N. D. 526, 207 N. W. 144. The appellant makes a vigorous attack on the doctrine set forth in the Oium Case and insists the rule therein set forth should be reversed. It intimates that in the latter cases this court followed the rule simply because it had been adopted years ago and the court was loathe to disturb a rule of property. However, in the Hanson v. Blum Case it is expressly said "Furthermore, after careful consideration of the various authorities cited by defendant, as a matter of logical reasoning we approve of the Oium Case." The rule announced is again approved and therefore it is immaterial, so far as appellant is concerned, whether this mortgage was filed or not. The rights of the Mercantile Company

thereunder are superior to the rights of the appellant in the property claimed by both.

This brings us to the remaining point, that is the contest over the findings of the trial court relative to various items, which appellant says should be applied on indebtedness to respondent. The decision would be unduly prolonged to take up the items one by one. There is evidence in the record supporting the decision of the trial court in each case. True this case is tried anew and we are not bound by the findings of the trial court. Nevertheless such findings are to be given appreciable weight when supported by the evidence. Christianson v. Farmers' Warehouse Asso. 5 N. D. 438, 32 L.R.A. 730, 67 N. W. 300; Doyle v. Doyle, 52 N. D. 380, 202 N. W. 860; Coykendall v. Briggs, ante, 267, 234 N. W. 74.

Respondent claims that the execution sale itself is void and the appellant has no standing whatever in this court. We are not passing upon this point but assume the sale was good. Nevertheless the Mercantile Company's lien being superior to any title the appellant has in the property purchased we see no reason in equity why the Mercantile Company and its debtor may not dispose of mortgaged property on which the appellant had no lien, so long as it is done in good faith. There are three general items of credit. The respondent received over $1,335 out of the crop. From this fund it paid itself over $824.00 for advances made by it and applied the remainder upon the mortgage indebtedness. There was a second item of $1,000 which the company had received and paid out for labor expenses and the threshing of the mortgaged crop and a crop known as the "Hughes crop." A third item was the fund which was declared exempt to the debtor. The disposition of these funds is not governed by § 8716 nor § 7219 of the Code for the simple reason that appellant had no lien or interest in these funds at the time it served its notice to marshal assets. Appellant claims that prior to payment of these items, but after the debts were incurred, it notified the Mercantile Company to marshal its assets, and to apply the proceeds of the crop upon the chattel mortgage, which was not done. The notice to marshal assets was served December 23, 1929. The evidence shows the payments were made prior to that time with the possible exception of one which is disputed as to date.

After receiving its mortgage respondent made advances to the mort-

gagor in order to permit him to raise the crop. The mortgagor required coal, oil and labor, as well as repairs for machinery. The debtor paid the respondent out of the crop for the advances which it made and debts guaranteed and the remainder was applied upon the chattel mortgage. It was his crop, subject to the mortgage and he and the mortgagee could agree as to the disposition of the proceeds. He could apply this on his unsecured indebtedness if he saw fit. Some of the items were allowed by the trial court and some were disallowed.

After careful consideration we are assured the judgment is correct and therefore it is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.