[File No. 6089.]

C. CRETORS, Doing Business Under the Firm Name and Style of C. Cretors & Company, Appellant, v. O. O. TROYER, Respondent.

(247 N. W. 558.)

Opinion filed March 18, 1933.

*Senn, Casey & Jongewaard,* for appellant.

*Harold B. Nelson,* for respondent.

NUESSLE, Ch. J. The plaintiff manufactures and sells electric corn popping machinery. The defendant operates a pool hall in Rugby and incidentally sells pop corn and confectionery. In August, 1928, plaintiff's traveler, Burr, solicited the defendant to buy a corn popping machine. Burr was acquainted with the defendant's business and knew the use to which defendant intended to put the machine. Defendant bought. He paid $95 in cash and agreed to pay the remainder of the purchase price, $485, in deferred payments. He gave his note representing this indebtedness and entered into a conditional sales contract with the plaintiff. Plaintiff put this contract of record and delivered the machine. Defendant tried to use the machine, claimed it would not work, set it aside, and notified the plaintiff. Plaintiff sent Burr to Rugby to show the defendant how to operate the machine. Defendant, however, thereafter insisted that it did not work successfully, notified the plaintiff that he was rescinding the contract, and that he was holding the machine subject to the plaintiff's order.

Thereafter plaintiff began this action to recover the amount of the contract price remaining unpaid and to foreclose the conditional contract of sale. Defendant answering and counterclaiming, resisted the foreclosure, alleged that the plaintiff knew of the defendant's business and of the use to which he wished to put the machine; that the machine was thus sold under an implied warranty of fitness; that it failed to comply with this warranty; that he had on that account rescinded the contract; demanded that the plaintiff take nothing by his action; and asked judgment for damages in the amount he had paid on the machine and that such judgment be made a lien upon the machine which was still in his possession.

The case was tried to the court without a jury. The court found in favor of the defendant that the allegations of the answer and counterclaim were in substance sustained by the evidence and accordingly ordered judgment for the defendant that the plaintiff take nothing; that the defendant recover the amount of the down payment made by him; and that a lien be fixed on the machine and the machine be sold to

satisfy such judgment and lien. Thereupon the plaintiff perfected this appeal and demanded a trial de novo in this court.

The plaintiff complains of the findings as made by the trial court and insists that the evidence is insufficient to sustain them. He further insists that the trial court erred in shutting out certain evidence offered by plaintiff and in receiving and considering evidence offered by the defendant touching the manner in which the machine worked and with respect to the representations made by plaintiff's agent Burr at the time of the sale.

The conditional contract of sale provides that the agent making the sale has no authority to make any representations which are not contained within the contract and that if any such are made they shall not be binding upon the plaintiff. This contract makes no representations as to character, quality or fitness, and contains no warranties of the machine but, on the other hand, it does not negative any implied warranties. It is conceded that the plaintiff's agent at the time the sale was made was acquainted with the defendant's business and knew that the defendant intended to use and operate the machine in his pool room. The defendant testified that he informed Burr he desired to use butter to season the popped corn; that Burr said that the machine would work successfully with butter. On the other hand, Burr testified that he advised the defendant the machine would not work successfully when butter was used but that it was necessary to use a seasoning compound made principally from cocoanut oil. It further appears that at the time he bought the machine defendant ordered four tubs or 100 pounds of this seasoning compound, which was shipped with the machine. The defendant further testified that he knew nothing about the machine and its operation and use except as he was informed by Burr himself or through the advertising matter that Burr gave him and that defendant relied upon Burr for what he thus learned when he purchased the machine.

The court found for the defendant with respect to these several contentions, and while the testimony, particularly with regard to the use of butter and what was said concerning it is conflicting, nevertheless we think that the record sustains this finding. Accordingly, it is clear that the provisions of ¶ 1, § 6002a15, 1925 Supplement, are applicable. This section provides that:

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies upon the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for that purpose."

See Allis-Chalmers Mfg. Co. v. Frank, 57 N. D. 295, 221 N. W. 75; Minneapolis Steel & Machinery Co. v. Casey Land Agency, 51 N. D. 832, 201 N. W. 172.

The defendant's testimony, consonant with his answer and counter-claim, was that when he attempted to use the machine for popping corn, using butter as a seasoning, it smoked, caused a disagreeable odor, gummed up, and the product resulting was burned and unsalable; and that when he endeavored to use the compound bought from the plaintiff the machine also smoked, caused a disagreeable odor and that the product was not palatable and so could not be sold.

There is no question but that butter could not be used. This the plaintiff concedes, but he insists that the defendant was so advised when the machine was purchased. There is also substantial evidence to sustain defendant's contention that the popped corn resulting when the compound purchased from the plaintiff was used was not satisfactory, though proof was offered by the plaintiff to the contrary. The trial court found with respect to these matters in favor of the defendant and so held that the machine did not comply with the implied warranty of fitness for the purpose for which it was intended upon which the defendant was entitled to rely.

In making his proofs defendant called certain persons who testified that they had bought popped corn, the product of the machine; that the same was unpalatable and that they did not like it so threw it away. Plaintiff offered no objection to this testimony at the time it was elicited, but at the close of the defendant's case moved that such testimony be stricken as incompetent, irrelevant and immaterial, not within the issues and not tending to prove any defect in the mechanism of the machine. This motion was denied. Plaintiff urges that the court erred in this ruling; that the evidence was not admissible, that the fact that two or three individuals did not like the popped corn produced by the machine could not be considered in determining whether it met the requirements of the implied warranty. We think

there was no error in the ruling. We need not pass upon the question as to whether the evidence was in fact admissible. No objection was taken to it at the time it was offered and no motion was made to strike it out until the defendant had rested his case. The plaintiff could not remain silent while the witnesses were testifying and then after their testimony had been elicited and the record made have it stricken because it proved to be unsatisfactory to him. He should have taken seasonable objection in order to be in a position to subsequently move to strike the evidence from the record.

In rebuttal the plaintiff attempted to elicit evidence from a witness owning a machine of the same character and kind as that which the defendant had purchased, that the witness used this machine, that he sold the popped corn that was produced by it, and that though many customers bought thereof he had never received any complaints as to the kind or quality of the popped corn from any of them. The defendant objected on the ground that this evidence was incompetent, irrelevant and immaterial. The objection was sustained. Plaintiff insists that this was error. In our judgment the ruling of the court was right. It was not claimed that the witness used butter in the machine to season the popped corn. The fact that the witness successfully operated another machine of the same kind and character as that which the defendant had purchased, using seasoning compound instead of butter, was not admissible to establish that defendant's machine complied with the terms of the implied warranty. See authorities cited in note to Waterman-Waterbury Co. v. School Dist. 182 Mich. 498, 148 N. W. 673, L.R.A.1915B, 626; Jones, Ev. 2d ed. § 607, and cases cited.

The trial of the case was begun on the 6th day of August, 1931, and after testimony had been offered both sides rested. Thereafter and upon the 17th day of September, the case was reopened and the defendant offered further testimony. The record is silent as to how or why the case was reopened. It does not appear whether any showing was made or any application had to the trial court for that purpose or as to whether there was any objection on the part of the plaintiff. But it does appear that the case was reopened and the defendant called a witness. The plaintiff thereupon objected on the ground that his own witness Burr was not and could not then be present and, on that ac-

count, he would have no opportunity to rebut the evidence thus adduced. The court overruled this objection with the statement acquiesced in by the defendant that the plaintiff should not be prejudiced thereby but might file affidavits in rebuttal should he desire to do so which would be considered as evidence. However, it does not appear that any such affidavits were filed. Neither were any witnesses produced or testimony taken, nor was any showing made on behalf of the plaintiff as to any testimony that would have been offered if his witness had been present. Nor did he ask for a continuance. However, the court in his memorandum states that when the witness Burr testified his testimony was contrary to that which was offered by defendant's witness when the case was reopened, and the court therefore considered it as a denial of such later testimony.

When the case was reopened the plaintiff produced and examined a witness who testified as to a conversation with plaintiff's agent Burr prior to the time of the sale respecting the use and character of the pop corn machine and that Burr then stated that butter could be used therein. There was no objection to this testimony on the ground that the same was incompetent because the conversation was not in the presence of the defendant or communicated to him. But after the testimony was adduced and the witness had been cross-examined and excused, the plaintiff moved that it be stricken on this account. The motion was denied. There was no error in refusing to strike it. No objection was made when the testimony was being elicited and the motion to strike came too late in the absence of such an objection. Accordingly this testimony is properly in the record for such consideration as it deserves.

The case is here for trial de novo under § 7846, as amended. We must view the record presented and find the facts from that record. The findings of the trial court are not clothed with the same presumption in their favor as in other cases, but nevertheless we must give them appreciable weight. See Christianson v. Farmers Warehouse Asso. 5. N. D. 438, 67 N. W. 300, 32 L.R.A. 230; Doyle v. Doyle, 52 N. D. 380, 202 N. W. 860; Dakota Mercantile Co. v. Balsley, 60 N. D. 768, 236 N. W. 631. Considering the whole record we are of the opinion that the trial court's findings as to the facts are well sustained by the record and should not be disturbed. There is a flat contradiction in the

testimony of the two principal witnesses, Burr and the defendant. The plaintiff insists that the fact that defendant bought 100 pounds of the plaintiff's seasoning compound at the time the machine was purchased, makes imperative a finding that Burr's version of the transaction is correct. But we cannot agree that this is so. This circumstance in itself is not such as to overcome the force of the finding of the district judge who heard and saw the conflicting witnesses.

The judgment is affirmed.

BURKE, BIRDZELL, CHRISTIANSON and BURR, JJ., concur.