[File No. 6673.]

ALBERT STUDE, Appellant, v. FRED MITTELSTEDT and Roy Bakken, Also Known as R. T. Bakken.

ROY BAKKEN, Also Known as R. T. Bakken, Respondent.

(292 N. W. 625.)

Opinion filed June 3, 1940.

*F. E. McCurdy,* for appellant.
*Scott Cameron,* for respondent.

GRIMSON, J. The plaintiff brings this action to foreclose a certain chattel mortgage upon a Ford truck and other personal property therein described, given by the defendant, Fred Mittelstedt, to his father, Ben Mittelstedt, to secure a $1,000 note and assigned to the plaintiff. Only the defendant Roy Bakken answered and he claims that the mortgage sought to be foreclosed is fraudulent and void as to him under § 7220, Comp. Laws 1913. He claims to be the owner of the truck involved by virtue of having bought it at a sheriff's sale upon execution on a judgment obtained by him against the defendant, Fred Mittelstedt.

Both the plaintiff and the defendant, Fred Mittelstedt, testified on the trial in district court. That court had the opportunity not only to hear the testimony, but also to observe the appearance and demeanor of the witnesses while testifying. That superior advantage entitles its findings to appreciable weight here. Christianson v. Farmers' Warehouse Asso. 5 N. D. 438, 67 N. W. 300, 32 L.R.A. 730; Tomlinson v. Farmers' & M. Bank, 58 N. D. 217, 225 N. W. 315; Coykendall v. Briggs, 60 N. D. 267, 234 N. W. 74; Lakota Mercantile Co. v. Balsley, 60 N. D. 768, 236 N. W. 631; Nord v. Nord, 68 N. D. 560, 282 N. W. 507. The trial court found for the defendant and dismissed the action.

The mortgage in question bears date July 1st, 1937. It was filed in the Register of Deeds Office in Burleigh county on August 18th, 1937, by the mortgagor, the defendant Fred Mittelstedt, personally. The mortgagee, his father, Ben Mittelstedt, was not present when the mortgage was given and did not give any testimony in the case. It does appear, however, from the record, that the defendant, Fred Mittelstedt, was at that time having financial trouble with the defendant, Roy Bakken. There is no corroborative evidence of the date the note and mortgage were actually executed. The note was made out by Fred Mittelstedt himself. It does appear, however, that the filing of the mortgage by Fred Mittelstedt was on the day he was informed that if settlement with Bakken were not made his trucks would be attached.

Defendant Fred Mittelstedt claims he gave this note and mortgage to secure his father for advancements made many years before. Some of the advancements apparently at the time were outlawed. No prior notes had been given, no definite rate of interest agreed upon. No corroborating evidence is offered on this point.

The litigation between defendant, Bakken, and defendant, Fred Mittelstedt, was commenced and carried to a conclusion favorable to Bakken. Upon the judgment so obtained an execution was issued and a levy and sheriff's sale made. At that sheriff's sale defendant Bakken bought the truck covered by this mortgage. Then plaintiff for the first time appears and upon the urging and promises of Fred Mittelstedt bought at that same sheriff's sale a refrigeration unit, for which he paid $102.50. He claims to have discovered, about two weeks later, that the refrigeration unit was included in the same mortgage; that he then unsuccessfully put pressure on Fred Mittelstedt to take the unit off his hands or to get the mortgage released. No attempt, however, had been made to take the unit from him on account of this mortgage. He further claims that he later wrote two letters to the mortgagee, Ben Mittelstedt, who lives in South Dakota and with whom he had no acquaintance; that he never got an answer; that he then had Fred Mittelstedt write his father. It appears that at that time Fred Mittelstedt wrote out an assignment of the mortgage and enclosed it in the letter to his father. Then plaintiff claims to have received the $1,000 note and the assignment of the mortgage in the mail shortly thereafter. Thereupon in payment he executed an unsecured note for $450 to Ben Mittelstedt and sent it to him. The letters were not produced at the trial although demanded. Nothing has been paid on said note and no demands made for payment of it although past due. The assignment of the mortgage is dated August 10th, 1938, and was filed in the Register of Deeds Office November 30th, 1938; both dates being long after defendant, Bakken, bought the truck at the sheriff's sale. Plaintiff knew he was buying a lawsuit. The action to foreclose was then commenced in January 1939.

It seems clear that at the time the note and mortgage in question were given, the defendant, Fred Mittelstedt, knew he was threatened with litigation and attachment, and knew that the result of the mortgage would be to hinder and delay his creditors. Even so, he had a

right to prefer a bona fide creditor. If such creditor is a relative, the preference will still hold if given to secure a bona fide debt, but the transaction will be more closely scrutinized. Brummond v. Krause, 8 N. D. 573, 80 N. W. 686; Merchants Nat. Bank v. Armstrong, 54 N. D. 35, 208 N. W. 847; Rasmussen v. Chambers, 52 N. D. 648, 204 N. W. 178; Tomlinson v. Farmers' & M. Bank, 58 N. D. 217, 225 N. W. 315, supra; First Nat. Bank v. Mensing, 46 N. D. 184, 180 N. W. 58.

However, if the mortgagee in any way participates in the attempt to hinder and delay the creditors of the grantor and does not take the mortgage solely for his own protection, then the transfer is void as to the creditors no matter what the consideration. It is the intent that controls. Sheridan v. McCormick, 39 N. D. 641, 168 N. W. 59, 8 A.L.R. 523; Fluegel v. Henschel, 7 N. D. 276, 74 N. W. 996, 66 Am. St. Rep. 642.

Here the evidence with regard to the indebtedness owing by Fred Mittelstedt to his father is uncertain. The circumstances throw a doubt on the father's taking this mortgage merely to secure himself, or whether he took a mortgage at all. On reading the cold transcript, Fred Mittelstedt's testimony appears evasive, indefinite, uncertain and unconvincing. The trial court was clearly justified in disbelieving that testimony.

The activity of Fred Mittelstedt appears like a red thread throughout all these transactions. If he had received advances from his father he never thought of doing anything about them until he got into financial straits. Then he hurriedly gave a note and mortgage to his father and personally filed the mortgage—all in his father's absence. When this property came up on sheriff's sale, he urged the plaintiff to buy the refrigeration unit. Then he was active in securing the assignment of the note and mortgage from his father to the plaintiff. His father was a stranger to the plaintiff and paid no attention to him until Fred wrote and sent an assignment to him to sign. It is doubtful whether the father ever saw the note until that time. He is supposed, however, to have sent the note and the assignment of the mortgage to the plaintiff, a stranger, before receiving any consideration or security therefor, but all at the request of defendant, Fred Mittelstedt. This was done long after Bakken bought the truck at sheriff's sale. The intention of

Fred Mittelstedt to hinder and delay Bakken in the collection of his judgment is clear. The circumstances indicate that, as far as his father, Ben Mittelstedt, took any part in these transactions, he participated in that intent. These are badges of fraud. Carr v. Nurnberg, 50 N. D. 319, 196 N. W. 101; 27 C. J. 483, 821, note 39.

In Carr v. Nurnberg, supra, there is less evidence of fraud than in the instant case. There the testimony of the transferee tended to support the transfer. Yet this court found it void. The trial court may well have reasoned as this court did there that the evidence and the demeanor of the witnesses left but one impression on a reasonable mind, to wit: That Ben Mittelstedt, in receiving the note and mortgage, and assigning it to the plaintiff, did so merely to shield his son from his creditors.

The preponderance of the evidence, therefore, as shown in the record fully sustains the findings of the trial court.

The judgment appealed from is affirmed.

NUESSLE, Ch. J., and BURR, CHRISTIANSON, and MORRIS, JJ., concur.

BURKE, J., deeming himself disqualified, did not participate; Hon. G. GRIMSON, Judge of the Second Judicial District, sitting in his stead.