## Kennedy Furniture Company, Defendant in Error, v. Mrs. William Griffin, Plaintiff in Error.

### Gen. No. 19,450. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Hosea W. Wells, Judge, presiding. Heard in this court at the October term, 1913. Reversed. Opinion filed October 5, 1915.

### Statement of the Case.

Action by the Kennedy Furniture Company, a corporation, against Mrs. William Griffin, in the Municipal Court of Chicago. The action was replevin, to recover possession of part of goods covered by a chattel mortgage given to plaintiff by one George Fabian, and acknowledged on the behalf of Fabian by one D. W. Fishell, as attorney in fact. The note secured by the mortgage was overdue, and unpaid in part. The defendant was a bona fide purchaser from the mortgagor, for value, of the goods in question, which were taken from her by the plaintiff, and was not a party to either note or mortgage.

At the trial in the Municipal Court, the court admitted the mortgage in evidence against the objection of the defendant, and at the close of the evidence denied a motion by her to strike it from the record as not legally executed. On motion of the plaintiff, the court directed a verdict in its favor for one cent damages, and after overruling motions in arrest of judgment, and for a new trial, entered judgment on the verdict. Defendant brings error.

John J. Griffin and Edward J. Kelley, for plaintiff in error.

Sonnenschein, Berkson & Fishell, for defendant in error.

Mr. Justice Holdom delivered the opinion of the court.

## Abstract of the Decision.

1. Chattel mortgages, § 48*—*when invalid against third persons.* While a chattel mortgage not acknowledged as required by the statute may be good as between the parties, it is invalid as against a bona fide purchaser, for value, of the mortgaged property, who may set up its invalidity in defense.

2. Chattel mortgages, § 55*—*who must acknowledge.* The Chattel Mortgage Act (Rev. St., ch. 95, sec. 3, J. & A. ¶¶ 7576 *et seq.*), requiring a chattel mortgage to be acknowledged by the mortgagor, is not complied with where such mortgage is acknowledged by the attorney in fact of the mortgagor.

3. Chattel mortgages, § 85*—*what is effect of defective execution.* A chattel mortgage, not executed as provided by the statute, confers no right on the mortgagee to take the mortgaged property from the possession of a bona fide purchaser for value, claiming under a transfer from the mortgagor.

4. Chattel mortgages, § 85*—*when invalid against third persons.* A chattel mortgage, not executed, acknowledged and recorded as required by the statute, is invalid against those not parties or privies.

5. Chattel mortgages, § 195*—*when inadmissible in evidence.* In an action of replevin to recover part of the goods covered by a chattel mortgage from a bona fide purchaser from the mortgagor,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for value, *held* error to admit the mortgage in evidence, where it appeared that the mortgage had been acknowledged by the attorney in fact of the mortgagor.

6. CHATTEL MORTGAGES, § 125*—*how construed.* A chattel mortgage must be strictly construed against those seeking to enforce it, for the reason that it is a creature of statute, and contrary to the common law.

7. CHATTEL MORTGAGES, § 193*—*when verdict improperly directed.* In an action of replevin to recover part of the goods covered by a chattel mortgage from the possession of one not a party or privy to the mortgage, *held* error to direct a verdict for the plaintiff where the mortgage itself was incompetent.