VALERIO TARANGIOLI, PLAINTIFF, v. HERMAN E. RAPHAEL, DEFENDANT.

Decided January 25, 1932.

Before OLIPHANT, Circuit Court judge, sitting as Supreme Court commissioner.

For the plaintiff, *Charles A. Malloy.*

For the defendant, *Perlman & Lerner.*

OLIPHANT, S. C. C. This matter is before me, sitting as a Supreme Court commissioner, on a motion to strike out the complaint.

It is an action in replevin. Plaintiff is a chattel mortgagee under a chattel mortgage given by Joseph Paternoster. The defendant, Raphael, is a constable of Mercer county. On June 19th, 1931, he levied upon the goods being replevied, by virtue of a writ of execution issued out of the District Court of the city of Trenton, in a suit in which Morris Solomon recovered a judgment of five hundred dollars ($500)

and costs against the said Paternoster. By consent of counsel, Morris Solomon is to be treated as if he is a party defendant to this action.

The proofs as they appear by the affidavits presented show that Morris Solomon became a creditor of Joseph Paternoster upon a promissory note dated November 2d, 1928, and due December 2d, 1928; that the note was not paid and suit was commenced thereon in June, 1931, and judgment entered under which the writ of execution before mentioned issued; that on March 26th, 1931, the date of the execution of the mortgage to the plaintiff, Paternoster was married; that on that date and ever since he has been the head of a family residing in Trenton; that the goods mortgaged consisted only of household goods and furniture; that on that date and ever since the household goods and furniture have been and are in the use and possession of Paternoster's family, at his residence; that the mortgage was not given to the plaintiff to secure the purchase money or any part thereof for such goods, and that the mortgage was never signed, sealed, executed or acknowledged by Paternoster's wife. It appears further, that when these goods were mortgaged to the plaintiff no delivery was made to him and there was no change of possession.

One of the grounds upon which the motion is based is that the mortgage is void under section 10 of the Chattel Mortgage act. 1 *Comp. Stat.* 1910, *p.* 469. That section reads as follows: "Every chattel mortgage, bill of conditional sale, conveyance or other instrument, in writing, of the nature of a chattel mortgage hereafter made upon, or for any household goods and furniture in the use and possession of any family not given to secure the purchase-money for such goods and furniture thus in use and possession, shall be absolutely void and of no effect or validity, unless such mortgage, bill of conditional sale, conveyance or instrument, in writing, intended to affect such household goods and furniture, shall be first duly signed, sealed, executed and acknowledged, according to law, by the husband and wife of the family, and be recorded as herein provided in the county where such household goods and furniture may be situate at the time of the

execution thereof." All the elements of avoidance named in the section affirmatively appear but counsel for the plaintiff contends that the language "shall be absolutely void and of no effect or validity" simply renders the mortgage voidable at the option of the injured party, rather than a legal nullity. I cannot agree with this position. It is true that the word "void" has been often construed as meaning voidable, but such a construction cannot be placed on the word as used in our Chattel Mortgage act. The language is "absolutely void and of no effect or validity." It is a rule of construction of statutes that words be given their ordinary meaning, as they are commonly used and understood. *Lake* v. *Ocean City et al.*, 62 *N. J. L.* 160; *McLorian* v. *Overseers*, 42 *Id.* 616. If the words as used in the statute mean anything, it is that such a mortgage is of no effect whatever, a nullity. "Where an act is plain and unambiguous in its terms, the rule is fundamental that there is no room for judicial construction, since the language is presumed to evince the legislative intent." *Trenton Savings Fund Society* v. *Wythman*, 104 *N. J. Eq.* 271. Furthermore, the words "of no effect" it has been held, are equivalent to "void" and not "voidable." Mr. Justice Parker in his opinion in *Jersey City* v. *Davis*, 80 *N. J. L.* 609, said, "the phrase 'of no effect' is symonymous with 'void' and not with 'voidable.' "

A judgment creditor of the mortgagor would stand in as favorable a position as an innocent purchaser of value from the mortgagor and as was said in the case of *Kennedy Furniture Co.* v. *Griffin*, 194 *Ill. App.* 530: "A chattel mortgage, not executed as provided by statute, confers no right on the mortgagee to take the mortgaged property from the possession of a *bona fide* purchaser for value, claiming under a transfer from the mortgagor."

I am satisfied, therefore, that the complaint fails to set forth a good cause of action and that the motion to strike should prevail. Such will be the order.